EDSALL
v.
AYRES.

EDSALL and Another *v.* AYRES and Another.

Motion for a new trial, based upon affidavits showing the following facts, viz.: that on the first calling of the cause for trial, it was passed, and the Court announced that causes then passed would not be again called for trial at that term ; that thereupon defendants' attorney informed them that they need not attend longer upon the Court; that subsequently, at the same term, the cause was again called for trial, and in the absence of defendants, and over the objection of their attorney, was tried by the Court ; that defendants had a valid defense to the action, setting it out, and were, by reason of the announcement of the Court, unprepared for trial.

*Held,* that applications for new trials are always addressed to the sound discretion of the Court, before whom the cause was tried, and its decision will be presumed to have been in accordance with the justice and merits of the case, unless the contrary plainly appear.

*Held,* also, that the facts stated in the affidavits made a clear case of surprise, and the Court, in the exercise of a sound legal discretion, should have granted a new trial.

*Monday,
December* 10.

APPEAL from the *Allen* Circuit Court.

DAVISON, J.—Suit to foreclose a mortgage. The appellees were the plaintiffs, and the appellants the defendants. The complaint charges that the defendants, on *April* 22, 1850, executed to the plaintiffs a mortgage, conveying to them a certain tract of land, therein described, to secure an existing debt and future advances; that on *August* 20, 1855, an accounting was had between *Samuel Edsall* and the plaintiffs, in relation to all claims intended to be secured by the mortgage, which resulted in a balance found in their favor of $5,875, and for which he executed to them his note, payable at date, with interest, &c. On *June* 3, 1858, being the thirty-fourth judicial day of the *April* term of said Court, the cause was called, "when the defendants' attorney objected to the trial thereof, for the reason that the defendants were absent and not ready to go into trial," &c.; but the objection was overruled, and thereupon the issues were submitted to the Court, who found for the plaintiffs $5,039, and rendered a decree of foreclosure, &c. After this, on *June* 4, being the thirty-fifth judicial day of the term, the defendants moved for a new trial, on the ground of surprise, and in support of their motion, filed two affidavits; one, the affidavit of *Samuel*

*Edsall*, and the other, that of the defendants' attorney, *Joseph Brakenridge*. These affidavits allege that the defendants were not present when the cause was tried; that on the calling of the docket for trials during the week prior to that in which the present case was tried, the Court was understood to say, that if cases were then passed without being tried, the docket would not be again called for trials, as the Court would only continue in session two days, for the purpose of disposing of unfinished business, and then adjourn; that *Brakenridge*, defendant's attorney, induced by the statement thus made by the Court, advised *Samuel Edsall*, one of the defendants, that the case would not be reached for trial at that term, and that it would be unnecessary for him to make preparation, &c.; that this advice was given to *Edsall* some two or three days before the rendition of the judgment, and, in consequence of it, he did not keep himself prepared for the trial, believing that his attorney, when he gave the advice, acted in good faith; and that he, *Edsall*, was greatly surprised when, on the day after the trial, he ascertained that judgment had been rendered against him, &c. The affidavits further allege that defendants have a valid defense to the action, pointing out, specifically, the grounds upon which they rest their defense; and among the grounds thus pointed out, it appears that, through mistake, the note described in the complaint, was given for, at least, $1,000 more than *Edsall* owed the plaintiffs at the time it was given. The Court overruled the motion, and the defendants excepted. This exception seems to be well taken. It is true that applications for new trials are always addressed to the sound discretion of the Court before whom the cause was tried, and that its decision will be presumed to have been in accordance with the justice and merits of the case, unless, in the exercise of such discretionary power, the Court has plainly committed an error prejudicial to the rights of the complaining party. In this instance, it seems to us, the Court has committed just such an error. Evidently, the Court had no right, after having, in effect, continued the cause to a subsequent term, to require the defendant's attorney to proceed in the trial of the cause in their absence; because, as is shown, they omitted to keep themselves prepared for trial,

Nov. Term,
1860.

in consequence of the announcement of the Court, while calling the docket, that cases then passed would not be again called for trial; and they were, of course, surprised to find a judgment rendered against them. We are of opinion that the facts stated in the affidavits make a very clear case of surprise, and that the Court, in the exercise of a sound legal discretion, should have granted a new trial.

*Per Curiam.* — The judgment is reversed, with costs. Cause remanded, &c.

*L. C. Jacoby*, for appellees.

(1) Petition for rehearing, filed *January* 18, and overruled *May* 10, 1861.