No. 8451.

## Flanagan v. Patterson, Adm'r.

Practice.—*Relief from Judgment.—Excusable Neglect.—Complaint.*—A complaint for relief from a judgment, under section 396, R. S. 1881, which shows that the party had a good defence capable of proof, and that because of sickness of a member of the family, and the change, without his knowledge, of the hour of convening court, he did not reach court with his witnesses until the cause had been tried, is good on demurrer.

Same.—*Statute Construed.*—The relief provided by section 396, R. S. 1881, is not confined to judgments by default. *Nelson* v. *Johnson*, 18 Ind. 329, distinguished.

From the Hamilton Circuit Court.

*D. Moss* and *R. R. Stephenson*, for appellant.

*T. J. Kane* and *T. P. Davis*, for appellee.

Newcomb, C.—The appellant filed, on October 15th, 1879, her verified complaint, under section 99 of the code of prac-

tice, praying to be relieved from a judgment rendered against her in favor of the appellee.

The original action was on a promissory note executed by James W. Flanagan and the appellant, by the latter as surety of the former; and her defence was, that an extension of time had been given by the payee to the principal debtor, for a valuable consideration, without the knowledge or consent of the surety, the payee knowing that she was a surety only on the note.

The grounds for relief from the judgment are stated substantially as follows in the complaint:

That the cause being at issue was set down on the court calendar for trial on September 24th, 1879; that appellant had duly notified her witnesses to be present on that day; that she was 62 years of age and feeble of body, and resided eight miles from the court house; that she could not leave home to attend the trial until the morning of September 24th, owing to the serious illness of her son, who was fatally sick with consumption; that she left her home, with her witnesses, for the court house at 7 o'clock A. M., on September 24th, but owing to heavy roads, occasioned by a rain the night previous, she did not reach the court room until about 9 o'clock A. M., when she learned that the cause in which she was such defendant had been called a half hour before, and had been tried in the absence of herself and her witnesses, and decided against her; that until one week before said day it had been the custom of said court to commence its morning sessions at 8:30 o'clock, but that, without the knowledge of appellant, the hour had been changed to 8 o'clock, and that she was ignorant of said change until her arrival at the court house on the morning of September 24th; and had the hour of meeting not been so changed she would have been present with her witnesses at the calling of the cause for trial.

As to the merit of her answer in the original cause, the complaint avers that " she has a good and meritorious defence to said action, in this, that she can and will prove that all the

allegations in her said answer are true, which answer is now on file in this cause, and to which reference is made."

The court, on motion of the appellee, struck out a part of the complaint and sustained a demurrer to the residue, and there was judgment on the demurrer for the appellee.

Errors are assigned on both of said rulings.

We think that the complaint makes a sufficient showing of diligence on the part of the appellant in her efforts to reach the court in time for the trial, and of surprise by reason of the recent change in the hour for the convening of the court.

But it is objected by the appellee that section 99 is applicable only to cases where judgments have been rendered by default, and that inasmuch as the defendant's attorneys were present at the trial, and failed to withdraw the answer of the defendant, she was concluded by their acts, and can not have relief under said section. In support of this position counsel cite *Nelson* v. *Johnson*, 18 Ind. 329. In that case, PERKINS, J., in speaking of section 99 of the code, said: " This section seems to have reference to cases in which the ground of relief is limited to the act of taking or rendering the judgment, as in cases of default, and does not look to errors which occur during the progress of a cause where both parties are present in court." We think the case at bar is one in which the ground of relief is limited to the act of taking or rendering the judgment, because it may be presumed that if the court, when the case was called, had known that this aged lady had, at an early hour of the morning, left the bedside of her sick son, and was then using all reasonable diligence to be present with her witnesses at the trial, and that she was unaware of the change of the morning hour of the court from 8:30 to 8 o'clock, the trial would have been suspended until, by the exercise of reasonable diligence, the defendant and her witnesses could reach the court house. The complaint does not allege that any error was committed by the court in the trial of the cause, nor claim relief on that ground. The court and counsel acted without knowledge of the facts on

which relief is prayed. We think the case comes fairly and clearly within the terms of section 99. Its language is, that the court "shall relieve a party from a judgment taken against him, through his mistake, inadvertence, surprise, or excusable neglect, * * * on complaint or motion filed within two years." If the cause for relief exists, the manner in which the judgment is taken is a matter of minor consequence.

The complaint shows that the appellant had a good defence to the original action. Her case in this particular is as strong as even those of the defendants in *Frazier* v. *Williams*, 18 Ind. 416, *Edsall* v. *Ayres*, 15 Ind. 286, and *Hunter* v. *Francis*, 56 Ind. 460, in all of which relief was granted. The court erred in sustaining the demurrer to the complaint.

There is no available error in the action of the court in striking out a part of the complaint. The portion stricken out was an excuse for not making the application for a new trial during the term, but, as the appellant had two years by the statute within which to apply for relief, she was under no legal obligation to move at the term at which judgment was rendered.

For error in sustaining the demurrer to appellant's complaint, the judgment below ought to be reversed.

PER CURIAM.—It is therefore ordered on the foregoing opinion, that the judgment below be, and the same is hereby, reversed, at the costs of the appellee as such administrator, and that said cause be remanded to the Hamilton Circuit Court, with instructions to overrule the demurrer to the appellant's complaint.