The Prudential. Insurance Company v. DeBord.

---

The Prudential Insurance Company v. DeBord.

[No. 2,125.    Filed March 12. 1897.]

New Trial.—*Sufficiency of Affidavit in Support of Motion When Party Claims to Have Been Misled by Court as to Time of Trial.*— A motion for a new trial on the ground that defendant was misled by the statement of the court that the cause would be continued indefinitely, is properly overruled, where the affidavits in support of the motion do not show that a motion for a continuance was made, and that the defendant had a good and meritorious defense to the action.

From the Vigo Circuit Court.    *Affirmed.*

*M. C. Hamill*, for appellant.

*P. M. Foley* and *I. Torner*, for appellee.

The Prudential Insurance Company *v.* DeBord.

HENLEY, J.—The only error assigned by appellant herein is the alleged error of the lower court in overruling appellant's motion for a new trial. The motion for a new trial is based solely upon the fact, as contended by appellant, that the court misled appellant and appellant's counsel as to when this cause would be tried. In support of the motion and as a part of the same, were filed the affidavits of counsel for appellant and the affidavit of appellant's agent, William T. Jones, stating therein the following facts and circumstances, viz.: That on the —— day of January, 1896, the cause was set for trial in the Vigo Circuit Court, at which time said Jones appeared, representing the defendant, and together with his attorneys, was present and ready for trial; that at said time another cause was on trial and being heard by the court, and the court informed affiant that this cause would be tried the next day; that affiant was present with his counsel on the next day, but on account of the same cause, as before stated, the court said that this cause would be continued until the following day; that on the following, or the next day thereafter, appellant and counsel, finding the court yet engaged in the trial of other causes, went to the court and informed the court that affiant had business for the following day, and that appellant's counsel, Mr. Beecher, told the court that he had a cause set for trial at Sullivan on the —— day of January, and that he had arranged to leave on the following afternoon to consult about the case, and it was impossible for him to get ready for the trial, and that the court then said to affiant that he would continue and pass the case indefinitely; that relying on the statement of the court, affiant instructed the witnesses to go, and he would notify them when they were wanted; that said conversation oc-

curred about 9 o'clock a. m., and that about the hour of 3 o'clock p. m. affiant received notice to appear before the judge at the court house; that the judge then informed affiant that this cause would be tried. Affiant then, through appellant's counsel, who were present, informed the court that relying on the statements of the court made in the morning, important business engagements had been made for the following day, and the court informed affiant that unless they would agree to try the cause the following day he would order the same tried at once. That affiant, through the counsel for appellant, informed the court that it would be impossible for him to make arrangements to be present the following day. That the court ordered the cause to be tried, which was done, the evidence of appellee heard and the jury returned a verdict for appellee; that relying on the statements of the court, appellant's evidence was not before the jury.

The other affidavits are substantially the same and we set out the substance of the affidavit of the man Jones, because it is admitted that he was the agent for appellant and was at the time acting for appellant in the matter.

It will be observed that the affidavit of appellant's agent nowhere states that appellant had a valid defense to this action; that it wholly fails to point out to the court any defense that appellant might have made if the motion for a new trial had been sustained. It also shows that at the time of the trial appellant was, by her agent and attorneys, in the court room, and it nowhere shows that the court refused or prevented the appellant filing a motion and affidavit for a continuance.

In these important particulars this cause differs materially from the case of *Edsall* v. *Ayres*, 15 Ind. 286.

The Prudential Insurance Company *v.* DeBord.

Applications for new trials are always addressed to the sound discretion of the court before whom the cause was tried, and its decision will be presumed to be correct and in accordance with the justice and merits of the case, unless in the exercise of such discretionary power the court has plainly committed an error prejudicial to the rights of the complaining party.

It would seem to us that the affidavit of appellant's agent in support of the motion for a new trial, under the circumstances stated in the affidavit, ought to have informed the court not only that appellant had a good and meritorious defense to this action, but it should have set out specifically what the defense was, so that the court might determine whether any good would come from a retrial of the cause.

If we treat the judgment in this cause as a judgment by default, with appellant and counsel not present at the time it was taken, still in a motion to set aside such default counsel for appellant would not contend that such motion would be sufficient unless it contained the specific statement of a valid defense. The record in this cause shows a trial and verdict by a jury. To set this verdict aside, appellant's counsel cannot contend that less would be required of them than would be required in the setting aside of a default.

We find no error in the record.

Judgment affirmed.