FECHTMAN v. STOVER.

[No. 19,508. Filed June 18, 1964. Rehearing denied July 21, 1964. Transfer denied June 22, 1966.]

C. Wendell Martin, Richard P. Nahrwold, and Bredell, Cooper & Martin, of Indianapolis, for appellant.

Ralph Hamill, John P. Price, Joseph A. Kutch, and Hollowell & Hamill, of counsel, of Indianapolis, for appellee.

Smith & Jones, of Indianapolis, for Richard Smith, Amicus Curiae.

CARSON, J.—This is an appeal from the Superior Court of Marion County, growing out of an action for damages filed by the appellee, plaintiff below, against the appellant as a result of injuries which the appellee sustained while visiting her sister, a tenant of the appellant. As the appellee was leaving the premises she fell down the front cement steps leading from the yard level to the public sidewalk and broke her leg.

The complaint alleged that the appellant was the owner and in possession and control of a double house used for rental purposes located in the City of Indianapolis, Indiana, that negligence on the part of the appellant was the proximate cause of the injuries to the appellee said negligence being alleged in substance as follows:

(a)   failing to keep the subject steps in a safe state of repair, and

(b)   allowing the subject steps to become broken and uneven, and to constitute a dangerous and hazardous condition, and

(c)   failing to warn persons using said steps of said dangerous and hazardous condition, and

(d)   failing to place guards or barricades around said dangerous and hazardous condition, so as to warn persons using said steps of said dangerous condition.

To this complaint the appellant filed her answer admitting ownership of the premises but denying that she was in possession and control and further denying the negligence and alleged injuries.

Upon the issues so formed trial was had by jury and verdict was returned for the appellee in the sum of $10,000.00 and consistent judgment was entered in accordance with the general verdict.

The appellant filed a motion for new trial which was overruled. The overruling of the appellant's motion for new trial is assigned as error.

In support of the assignment of error the appellant made several propositions; first, insufficiency of the evidence; second, the plaintiff's instructions given by the court; third, the instructions and evidence concerning damages; fourth, the refusal to give certain of the defendant's instructions; and fifth, the error of the court in permitting the appellee, plaintiff below, to use the blackboard in demonstrating the measure of damage. We shall consider plaintiff's instruction numbers 22 and 25, which deal with the Administrative Building Council Statute which appears in § 20-416 to § 20-434, Burns' 1950 Replacement. These instructions read as follows:

## "INSTRUCTION NO. 22"

"The Court instructs you that at all times mentioned in the Plaintiff's Complaint there was a statute of the State of Indiana, in full force and effect, which provided in part as follows:

'The term "public building" shall mean and include any structure used in whole or in part as a place of resort, assemblage, lodging, trade, traffic, occupancy, or use by the public, or by two (2) or more tenants.'

That said statute also provided in part as follows:

'Every employer and every owner of a place of employment or a public building now or hereafter constructed shall so construct, repair or maintain such place of employment or public building, and every architect, engineer or any one who designs a building shall so prepare the plans and specifications for the construction of such place of employment or public building, as to render the same safe and sanitary, in accordance with the rules and regulations as promulgated by administrative committee.'

The Court further instructs you that at all times mentioned in the Plaintiff's Complaint, there was in full force and effect certain rules and regulations as promulgated by said administrative committee of the Administrative Building Council, applicable to dwellings other than one family dwellings and relating to stairs and exits, which provided in part as follows:

'All stairways shall have walls or well secured balustrades or guards on each side and handrails shall be

placed on at least one side of every stairway and stairways exceeding forty-four (44″) in width shall have handrails placed on each side. Stairways over seven feet (7′) shall be provided with one or more continuous intermediate handrails substantially supported and the number and position of intermediate handrails shall be such that there is not more than sixty-six (6'6″) between adjacent handrails. 'Handrails and railings shall be placed thirty inches (30″) above the nosing of treads and ends of handrails shall be returned to the wall.'

If you find from the evidence that the Defendant was the owner of a dwelling for occupancy or use by two (2) or more tenants and that she violated said statute above quoted by failing to have balustrades, guards or handrails in accordance with said rule and regulation above quoted, said failure would constitute negligence upon the part of said Defendant, and if this proximately resulted in injury to the Plaintiff in some manner alleged in the Complaint, without contributory negligence upon the part of the Plaintiff, your verdict should be for the Plaintiff."

## "INSTRUCTION NO. 25"

"The Court instructs you that at all times mentioned in the Plaintiff's Complaint there was s (sic.) statute of the State of Indiana, in full force and effect, which provided in part as follows:

'The term "public building" shall mean and include any structure used in whole or in part as a place of resort, assemblage, lodging, trade, traffic, occupancy or use by the public, or by two (2) or more tenants.'

That said statute also provided in part as follows:

'Every employer and every owner of a place of employment or a public building now or hereafter constructed shall so construct, repair or maintain such pace of employment or public building now or hereafter constructed shall so construct, repair or maintain such place of employment or public building, and every architect, engineer or any one who designs a building shall so prepare the plans and specifications for the construction of such place of employment or public building, as to render the same safe and sanitary, in accordance with the rules and regulations as promulgated by the administrative committee.'

The Court further instructs you that at all times mentioned in the Plaintiff's Complaint, there was in full force and effect certain rules and regulations as promulgated by said administrative committee of the Administrative Building Council, applicable to dwellings other than one family dwellings and relating to stairs and exits, which provided in part as follows:

'The surface material of stair treads and landings shall be such as not to involve danger of slipping.'

If you find from the evidence that the Defendant was the owner of a dwelling for occupancy or use by two (2) or more tenants, and that she violated said statute above quoted by failing to have the surface material of exit stair treads and landings such as not to involve danger of slipping, in accordance with said rule and regulation above quoted, said failure would constitute negligence upon the part of said Defendant, and if this proximately resulted in injury to the Plaintiff in some manner alleged in the Complaint, without contributory negligence upon the part of the Plaintiff, your verdict should be for the Plaintiff."

We note in both of the foregoing instructions the court indicated to the jury that if the jury found certain facts to be true under the statute, which finding would indicate a failure to comply with the statute then, "said failure would constitute negligence upon the part of said Defendant." If as contended by the appellant the statute and regulations of the Administrative Building Council are not applicable then such instructions would be prejudicial and would require a reversal of this case.

We have examined the statute and believe that the question presented is one of first impression in the State of Indiana. In order to fully discuss the matter it is necessary to set out herein and consider various portions of the statute. Wherever the word statute is used in this opinion hereafter unless otherwise indicated we are referring to Acts of 1945, Ch. 54, which created the Administrative Building Council and is contained § 20-416, Burns' 1950 Replacement et seq. The title of the act reads as follows:

"AN ACT providing for an administrative building council, prescribing its powers and duties, appropriating money therefor, repealing all laws in conflict therewith, and declaring and emergency."

Sections 20-416 through 20-424 describe the council, the administrative committee, the advisory committee, and the organization and duties of each of them. Section 20-425 contains an enforcement provision and refers to the cooperation of local officials and provides for the adoption of city ordinances. Sections 20-426 through 20-428 prescribe the method whereby the administrative committee may determine the existence of a violation and take action to correct such violation. Sections 20-429 and 20-430 provide for the appropriation of funds and other administrative procedure. Sections 20-431 is the penalty provision of the statute and provides for monetary fines only. Section 20-432 defines the terms as used in the statute. Section 20-433 contains the severability provision and § 20-434 is the repealing clause. It is significant that Burns statutes do not show any cross references, comparative legislation nor annotations of Indiana cases with respect to the application of this statute to landlord and tenant relationships. The supplement shows an additional section concerning the filing of building plans and specifications and providing for an examination fee.

We have examined many cases cited by the appellee and have examined the statutes and cases in several states including New York, Massachusetts, Missouri, Illinois and Oregon. The cases involved the application of sanitary and fire regulations to; hotels, office buildings, factories. tenements and lodging houses more than three stories in height; theater buildings and other public buildings, churches and buildings owned by fraternal organizations. Most of the cases dealt with the question of the reasonable exercise of the police power.

The Iowa statute being Acts of 1919 and the 38th General Assembly, Ch. 123, discussed in a leading case decided by the

Iowa Supreme Court in 1934, annotated in 93 A. L. R. 774, *Johnson* v. *Carter* (1934), 218 Iowa 587, 255 N. W. 864, which case contains the following statement:

> "The statute in question in this case is contained in what is known as the Iowa Housing Iaw. This law was enacted as chapter 123 of the Acts of the Thirty-Eighth General Assembly and was entitled as follows: 'An Act in relation to the housing of the people in cities of the first class and special charter cities and cities under commission form of government, to promote the health, safety and welfare of the people by regulating the light and ventilation, sanitation, fire protection, maintenance, alteration and improvement of dwellings; to define the classes of dwellings affected by the act, to establish administrative requirements and to establish remedies and fix penalties for the violation thereof . . .'
>
> Neither the title of the act nor the body thereof contains any specific provision showing that it was the intention of the Legislature to impose upon the landlord a civil liability for damages to the tenant for injuries growing out of the failure to keep a dwelling house in repair, and the only liability imposed for a violation of this provision of the statute is penal in its nature."

In the Iowa case the premises were rented under an oral lease, the suit was by the tenant to recover against the landlord. The landlord filed a demurrer to the complaint on the theory that the statute was penal in nature and did not impose civil liability for damages. The trial court sustained the demurrer to the complaint and the Iowa Supreme Court affirmed the trial court's ruling. We think there is sufficient analogy between the provisions of the Iowa Housing Law and our statute to impress us with the language of the Iowa Supreme Court.

Our legislature, chosen by the people of the State, is charged with the responsibility of making laws within the framework of the constitution, to meet the changing social and economic needs of the State. Many such laws are penal in nature and are justified as being a reasonable exercise of the police power. Such is the nature of the statute now under consideration by us. If, however,

we were to construe the law within the pattern followed by the trial court, we would be extending it to create a new area of civil liability in the relationship between landlord and tenant. In so doing we would be substituting our judgment for the considered judgment of the legislature. This we will not do. If the legislature wants to abolish common law concepts, enlarge upon those already existant, or create rights or remedies that did not heretofore exist, it may do so as the elected body representing the people, but we will no do so by judicial legislation.

In 3 Sutherland, *Statutory Construction*, 416, § 7204, we find the following statement:

> "However, under the rule that the violation of a criminal statute constitutes negligence *per se,* not only must the violation of the criminal statute be proved, but also the court must be satisfied that the statute was intended for the benefit of the person claiming it and for the protection against the type of injury that actually occurred. This additional requirement is largely an invention of fiction, but nevertheless it serves a valuable purpose in showing the probable objectives which the legislature had in mind in enacting the statute. In determining whether the statute was intended for the benefit of the person claiming it, and for protection against the type of injury that actually occurred, resort should be made to the history of the legislation, the evil sought to be remedied, and, of course, the other rules of statutory interpretation."

We do not think the case before us meets these tests.

We therefore hold that the instructions 22 and 25 were erroneous and prejudicial to the appellant, defendant below, and that the judgment in this case should be reversed and remanded for new trial.

By reason of what we have heretofore stated, it is unnecessary for us to pass upon the other alleged errors, the general rule of law being, where, on appeal, it is determined that the trial court committed reversible error on one point, the appellate tribunal need not discuss the other questions in this case. See, *Tribune-Star Pub. Co.,*

*Ind.* v. *Fortwendle* (1954), 124 Ind. App. 618, 116 N. E. 2d 528; *Flowers* v. *State* (1956), 236 Ind. 151, 139 N. E. 2d 185; *Callahan* v. *New York Cent. R. Co.* (1962), 134 Ind. App. 232, 180 N. E. 2d 547, 183 N. E. 2d 93.

Judgment reversed.

Cooper and Ryan, JJ., concur.

While Judge Clements participated in the hearing of the oral argument and conference of the Judges above-named, he concurred in the result at the time of the conference but did not participate in the adoption of this final opinion.

NOTE.—Reported in 199 N. E. 2d 354. Concurring opinion on denial of transfer reported in 217 N. E. 2d 587.