The SECOND NATIONAL BANK, Guardian of the Assets of Brian Patrick Williams, and Judy Williams, Appellants (Plaintiffs below),

v.

SEARS, ROEBUCK AND CO., Appellee (Defendant below).

No. 1–279A40.

Court of Appeals of Indiana, First District.

June 11, 1979.

**230**

Robert G. Burton, Burton & Simkin, Richmond, for appellants.

Douglas J. Hill, Cadick, Burns, Duck & Peterson, Indianapolis, for appellee.

ROBERTSON, Judge.

The Second National Bank (Bank) and Judy Williams (Williams) bring this appeal from an adverse decision in a jury trial of their tort action against Sears Roebuck.

We affirm.

The facts alleged in the Bank's and Williams' complaint were that on August 18, 1966, Delmer Williams purchased a gas furnace from Sears, which was installed by an agent of Sears into the Williams' home. The flue or vent pipe of the furnace was alleged to be defectively installed, in that the vent pipe was not of sufficient height in comparison to the rest of the roof as to prevent downdrafts in the pipe. Such downdrafts could cause an influx of exhaust, including carbon monoxide, into the house. Judy Williams, daughter of Delmer, was living with her father and was seven months pregnant when a downdraft allegedly occurred on March 28, 1968. The Williams allegedly were exposed to carbon monoxide fumes. Brian Patrick Williams was born to Judy on May 21, 1968 with serious physical problems, including cerebral palsy. Judy Williams brought suit for herself and her son alleging the above and claiming the defects in installation caused her child's injuries while Judy was pregnant. The Bank was substituted as a party after Brian was found to be incompetent and the Bank declared to be guardian.

Trial was had and a verdict given by the jury for the defendant, Sears. The Bank and Williams bring this appeal on two grounds. The first ground is that certain evidence offered by the Bank and Williams was excluded. This evidence was various rules and regulations of the Administrative Building Council of Indiana, promulgated under *Ind.Code* 22–11–1–10 regarding the proper height of flues, vents and the like. Various experts' testimony regarding the rules was also excluded by the trial court and this raised as error by the Bank and Williams. The second ground for appeal is the refusal of an instruction offered by the Bank and Williams concerning the rules and their violation as negligence per se.

We first consider the error alleged concerning the exclusion of the evidence and in doing so first note the following excerpt from *Smith v. Crouse-Hinds Co.*, (1978) Ind. App., 373 N.E.2d 923, 926:

> . . . the general standard for the admissibility of evidence as relevant is that it makes the sought-for inference more probable than it would be without the evidence. Accordingly, evidence may be found relevant although its ability to persuade is extremely light. *Spears v. Aylor* (1974), 162 Ind.App. 340, 319 N.E.2d 639; McCormick On Evidence (2nd Ed.) § 185, pp. 436–438. However, this does not end the inquiry. There are counterbalancing factors which may cause the court to exclude evidence which

is prima facie relevant because they outweigh the probative value of the evidence offered. These factors have been characterized as:

(1) the danger that the evidence offered will unduly arouse the emotions of the jury to prejudice or sympathy;

(2) the probability that the evidence and the answering evidence it provokes will create a side issue that is unduly time consuming or distracting to the jury;

(3) the likelihood that the evidence will confuse or mislead the jury;

(4) the likelihood that the evidence will unfairly surprise the opponent.

*See Patterson v. State* (1975), 263 Ind. 55, 324 N.E.2d 482; *Bradley v. Onstott* (1914), 180 Ind. 687, 103 N.E. 798; *Walters v. Kellam & Foley* (1977), Ind.App., 360 N.E.2d 199; *Spears v. Aylor, supra*; McCormick On Evidence (2nd Ed.) § 185, pp. 439, 440. *See also* Fed.Rules of Evidence, Rule 403. In consequence, the trial court is invested with sound discretion in admitting or rejecting such evidence, and we may reverse only where an abuse of discretion is shown. *Patterson v. State, supra; Spears v. Aylor, supra.*

■ It has also been said a judgment can be reversed because of a ruling on excluded evidence only if the ruling was erroneous and if the excluded testimony was vital to the appellant's case. *City of Indianapolis v. Satz,* (1977) Ind.App., 361 N.E.2d 1227. In general, an exclusionary ruling will not be found erroneous if sustainable on any valid theory, *regardless of the grounds asserted by the parties at trial.* *American United Life Ins. Co. v. Peffley,* (1973) 158 Ind.App. 29, 301 N.E.2d 651; *Auto Teria, Inc. v. Ahern,* (1976) Ind.App., 352 N.E.2d 774.

■ The objection to the evidence by Sears *at trial* was in the main based on the case of *Fechtman v. Stover,* (1964) 139 Ind. App. 166, 199 N.E.2d 354, where the Appellate Court refused to use the rules and regulations promulgated by the same Coun-

cil to extend civil liability in the landlord-tenant area. *On appeal,* Sears has for the first time noted that the statutory authority of the Administrative Building Council did not extend to private residences until 1971.[1] It is unfortunate that this fact was not before the parties and the court when the court made its determination. The Bank and Williams in their reply brief attempt to argue that the Williams' residence was not a private residence. There is no evidence of this in the record since the point was not raised at trial.

While the evidence excluded here did have perhaps some relevance, there was the counterbalancing factor brought out by Sears on appeal that such evidence could prejudice or mislead the jury into believing that the administrative rules were applicable to the Williams' residence. Further, the same standard as found in the rules were testified to by an expert witness, albeit the rules themselves were not mentioned. At the least, we can say that there was no abuse of discretion in excluding this evidence.

■ As to the instruction tendered by the Bank and Williams the trial court did not err in refusing it. The instruction reads:

There was in force, on the date of the installation of the furnace in question in this case, a regulation of the Administrative Building Council of the State of Indiana which provided, in part, as follows:

Every vent shall extend in as nearly a vertical position as possible and be continuous from the gas appliance to the outside of the building and extend at least two feet (2') above any portion of the roof within fifteen feet (15') of said vent.

If you find from a preponderance of the evidence said defendant violated this regulation in the installation of the furnace, such conduct would constitute negligence per se or absolute negligence on the part

1. *See*: I.C. 22–11–1–10, Acts 1971, P.L. 360; previous law: Acts 1969, ch. 338, Acts 1945, ch. 54.

of the defendant, which would constitute a violation of defendant's duty to the plaintiffs.

Sears could not have violated the regulation since it did not apply to the residence in question. The instruction without that limiting factor was plainly misleading and properly refused. Although neither party raised the point, we also note that in *Kirklin v. Everman*, (1940) 217 Ind. 683, 29 N.E.2d 206, the court stated that violation of an administrative rule promulgated by the Fire Marshall was held not to be negligence per se. The rules of the Administrative Building Council have very similar statutory authority as that of the Fire Marshall and thus, the *Kirklin* case is authority here.

Judgment affirmed.

LOWDERMILK, P. J., and LYBROOK, J., concur.