**In re the MARRIAGE OF Anna HER-MAN, Appellant (Petitioner Below),**

**and**

**Zoltan Herman, Appellee (Respondent Below).**

No. 3–982A238.

Court of Appeals of Indiana, Third District.

March 22, 1984.

Joseph Christoff, Fort Wayne, for appellant.

James R. Solomon, David Peebles, Fort Wayne, for appellee.

STATON, Presiding Judge.

The marriage of Anna and Zoltan Herman was dissolved by the trial court on May 25, 1982. Anna appeals the property division made by the trial court, raising three issues:

(1) Whether the trial court improperly limited Anna's cross-examination of Zoltan regarding his reasons for transferring stock from himself to the couple's children;

(2) Whether the trial court improperly included as a marital liability, money borrowed against various insurance policies of the children; and,

(3) Whether the trial court's award of approximately 43% of the marital estate to Anna constituted an abuse of discretion.

Affirmed.

## I.

### Transfer of Stock

■ Anna and Zoltan were born and raised in Hungary. They married in 1956, and shortly thereafter moved to the United States. In 1961, Zoltan opened a small restaurant. Later, in 1968, Zoltan formed Zoli's, Inc., which, at the time of the divorce, owned and operated three restaurants in the Fort Wayne area. Zoltan transferred 180 of his 300 shares of Zoli's, Inc. stock to the couple's children in 1980. During his examination in the trial court, Zoltan testified that he transferred the stock because his children all work with him in the restaurants and for estate tax purposes. On cross-examination, Anna's counsel, in an attempt to show that Zoltan transferred the stock in order to diminish the assets of the marriage and to deprive Anna of her share of the marital estate, twice sought to inquire as to why Anna was in the hospital on the day of the transfer. Zoltan's objections to the question were sustained.

■ In sustaining the objections, the trial court stated that it would not consider whether the transfer was fraudulent because that question was outside the scope of the hearing. Anna contends that the reason stated by the court for limiting her cross-examination on this issue is incorrect.

While we agree that where there is a factual dispute whether a conveyance was fraudulent as to a spouse, the trial court must resolve the issue and if necessary, make a proper adjustment in the property division. *Wireman v. Wireman* (1976), 168 Ind.App. 295, 343 N.E.2d 292, 298–300; in this case, Anna presented no evidence in her case-in-chief that the stock transfer was fraudulent. Anna's first attempt to elicit such evidence was in her cross-examination of Zoltan, and as Zoltan points out:

"[A] trial court ... may properly refuse to admit evidence, appropriately a subject for a party's case in chief, when that party attempts to introduce such evidence for the first time during the cross examination of his adversary's witness."

*Malo v. Bowlers Country Club, Inc.* (1972), 152 Ind.App. 413, 283 N.E.2d 806, 809.

■ This Court will affirm an exclusionary ruling of a trial court if sustainable on any theory. *Second National Bank v. Sears, Roebuck & Co.* (1979), 181 Ind.App. 1, 390 N.E.2d 229. Zoltan's objection to Anna's attempt to elicit evidence that the conveyance was fraudulent for the first time on cross-examination was properly sustained.[1]

## II.

### Loans From Children

■ Zoltan testified that he borrowed a total of $25,000 against insurance policies he had purchased for three of the children. The loan proceeds were used to pay corporate debts. Zoltan and his accountant testified that the money borrowed from the insurance policies had always been treated as a debt to the children. The trial court found that Zoltan owed the children a total of $25,000 and assigned to Zoltan responsibility for repayment of the loans. Anna contends that there was insufficient evidence to support the finding that Zoltan owed a debt to the children.

1. We note that in the divorce decree, the trial court properly found, pursuant to the uncontradicted testimony of Zoltan, that the transfer of the stock to the children was made for estate planning purposes.

On appeal, this Court neither weighs evidence nor judges the credibility of witnesses. We consider only the evidence and inferences most favorable to the judgment. *In re Marriage of Sharp* (1981), Ind.App., 427 N.E.2d 690, 695. In this instance the testimony of Zoltan and his accountant that Zoltan owed this debt to the children was uncontradicted. Thus, we conclude that there was no error and that the evidence was sufficient to support the finding of the trial court.

### III.

### Property Division

■ Finally, Anna contends that the overall property division made by the trial court was erroneous. IC 1976, 31–1–11.5–11 (Burns Code Ed., 1980 Repl.) requires that marital property be divided in a "just and reasonable manner." When reviewing a contention that the trial court improperly divided marital property, our standard of review is whether the trial court's decision constitutes an abuse of discretion. We will reverse the decision of the trial court only if there is no rational basis for the award. *Van Riper v. Keim* (1982), Ind.App., 437 N.E.2d 130; *Cunningham v. Cunningham* (1982), Ind.App., 430 N.E.2d 809.

■ In this case, the evidence most favorable to the judgment shows that Zoltan was primarily responsible for the development of the family restaurant business. Anna was primarily responsible for raising the couple's four children and maintaining the home. During the early years of the marriage Anna also worked outside the home. Anna's computation shows that she received 43% of the marital estate. On appeal, she contends that because of her contribution as a wage earner and as a homemaker, and because her earning capacity is less than that of Zoltan, she should have received a larger share of the marital estate. Thus, Anna essentially asks this Court to reweigh the evidence. This we will not do. Given Zoltan's role in the development of the business, we cannot

conclude that the trial court's division of property is without a rational basis.

Affirmed.

GARRARD and HOFFMAN, JJ., concur.