NEW YORK, CHICAGO & ST. LOUIS RAILROAD COMPANY
*v.* CONNAUGHTON.

[No. 26,822.   Filed February 1, 1937.   Rehearing denied
April 2, 1937.]

*Harker & Irwin, John C. McNutt, W. J. Stevenson, W. F. West* and *Joseph T. Markey,* for appellant.

*Max M. Plesser* and *Kivett & Kivett,* for appellee.

*Edward B. Henslee* and *Albert W. Ewbank,* amici curiae.

FANSLER, J.—Appellee, an employee of appellant, brought this action for damages for personal injuries alleged to have been received while employed as a brakeman in interstate commerce. The action is based upon and governed by the Federal Employers' Liability Act (45 U. S. C. A. §§51 to 59, inclusive). The complaint upon which the case was tried is in two paragraphs.

Error is assigned upon the overruling of appellant's demurrer to the complaint and its motion for a new trial.

It is alleged in the first paragraph that it was the defendant's duty to provide a safe and suitable place of employment on the engine, and that it was the further

duty of the defendant to employ skillful and competent men to operate the engine; that the engine in use "was so equipped that unless competent and skilled help was employed to operate the same an unusual amount of cinders would emit from the said engine. . . . That the defendant well knew at the time that this plaintiff was ordered to ride in said cabin as aforesaid, that the said engine was so equipped as to emit large quantities of cinders, and that unless skilled and competent help was employed to man the said engine large quantities of cinders would emit from said engine into the cabin thereto, and thus endanger the life and limb of this plaintiff"; that large quantities were emitted, that some of the cinders lodged in plaintiff's left eye, causing injuries which resulted in the removal of his eye. The second paragraph alleged that the fireman employed to fire the engine was inexperienced, incompetent, and unskilled, and that because of his careless, negligent, and unskillful tending of the furnace large quantities of cinders were emitted, some of which lodged in plaintiff's left eye, causing an injury which resulted in its removal.

The demurrer was for want of facts only, and, by the memorandum, the appellant did not challenge the first paragraph of complaint because of insufficiency of allegations to state a cause of action. It recites that:

"The danger or risk, or defect in the defendant's locomotive or engine, which the plaintiff complains of in his First Paragraph was one which, by the exercise of ordinary care, or by any standard of common knowledge, the plaintiff should have known of its existence, and thereby, he assumed the risk of any injuries incident to its existence.

"The plaintiff alleges that the engine was so equipped that it would emit an unusual amount of cinders; and it is a matter of common understanding and common

knowledge that such a defect, if it can be classed as such, is perfectly obvious and patent."

In other words, the objection to the first paragraph of complaint was not that it did not state a cause of action, but that it alleged a complete defense, that ▮▮▮ of assumption of risk. The objection to the second paragraph was the same, with the exception that it charged the complaint to be defective for failure to allege that the negligent acts of the fireman were done while in the course or scope of his employment. The complaint does not state the conclusion that the things done by the fireman were in the course of his employment, but it does state facts sufficient to show that they were done in the course of his employment. It is provided by clause 6 of section 2-1007 Burns' Ann. St. 1933, section 111 Baldwin's Ind. St. 1934, that a demurrer for want of facts must be accompanied by a memorandum stating wherein such pleading is insufficient, and that a party demurring shall be deemed to have waived his right to thereafter question the complaint for any defect not mentioned in the memorandum. No other defect is therefore available on demurrer. The defense of assumption of risk is not available in any case where the violation of any statute enacted for the safety of employees contributed to the injury or death of such employee. 45 U. S. C. A. §54. The demurrer recognizes that the first paragraph of complaint charged a defect in the locomotive, but the sufficiency of the paragraph is not questioned upon the ground of failure to allege the particular section of the Federal Safety Appliance Statute involved. There was no motion to make more specific. Under such circumstances, it is sufficient if the facts show that the violation of some provision of the Federal Safety Appliance Statutes was the proximate cause of the injury. In *Southern R. Co.* v.

*Lunsford, Adm'x* (1936), 297 U. S. 398, 400, 401, 54 S. Ct. R. 504, it is said:

"The Boiler Inspection Act of June 7, 1924, ch. 355, §2, 43 Stat. 659, U. S. C., Title 45, §23, provides:

" 'It shall be unlawful for any carrier to use or permit to be used on its line any locomotive unless said locomotive, its boiler, tender, and all parts and appurtenances thereof are in proper condition and safe to operate in the service to which the same are put, that the same may be employed in the active service of such carrier without unnecessary peril to life or limb. . . .'

"This enactment has been much considered. . . . But we have not heretofore undertaken to give definite interpretation to the words 'parts and appurtenances.'

"The accepted doctrine is that the Act imposes upon the carrier an absolute and continuing duty to maintain the locomotive, and all parts and appurtenances thereof, in proper condition, and safe to operate in active service without unnecessary peril to life or limb. . . . Whatever in fact is an integral or essential part of a completed locomotive . . . are within the statute."

Negligence may be inferred merely from the fact of a defect in the equipment. *Minneapolis & St. L. R. R.* v. *Gotschall, Adm'x* (1917), 244 U. S. 66, 37 S. Ct. R. 598.

It thus appears that assumption of risk was not available as a defense against the first paragraph of complaint, and, as to that paragraph, the demurrer was properly overruled.

The theory of the demurrer, in so far as it was directed to the second paragraph of complaint, is that it states a complete defense to the cause of action sought to be alleged; that the danger from sparks and cinders, when the engine was being fired by an unskilled fireman, was so obvious by any standard of common knowledge that plaintiff should have known

of its existence, and that he thereby assumed the risk of the injury.

"Assumption of risk is a substantive issue, but the procedure is the established procedure prevailing in the courts of this state. By the settled procedure of Indiana, whether the deceased assumed the risk of being injured, in view of all the circumstances of the case, is a question for the jury under proper instructions." *Baltimore, etc., R. Co.* v. *Carroll, Adm'x* (1928), 200 Ind. 589, 603, 163 N. E. 99, 104.

It cannot be said as a matter of law that it is a matter of common knowledge that cinders will be emitted from an engine, whether defective or not, or that they will be emitted when the engine is being fired by an inexperienced or unskilled fireman. That this is a question of fact is demonstrated by the evidence in this case, in which at least three witnesses, all employees of appellant, two of whom were called by appellant, testified that an engine will not throw cinders unless there is a hole in the spark arrestor netting, or an improper adjustment of the equipment. There was no error in overruling the demurrer.

It is contended that the verdict of the jury is contrary to law and is not supported by sufficient evidence. It is asserted that appellee failed to prove any actual negligence on the part of the defendant in failing to properly equip its engine. There was substantial evidence, consisting of testimony by witnesses, some of whom were introduced by appellant, that cinders, as distinguished from dust, could not be emitted from the engine unless there was a hole in the screen with which the engine was equipped for the purpose of arresting sparks and cinders, or unless the spark arrestor was improperly adjusted. One of appellant's witnesses testified that an engine that would throw cinders would have to have a hole in the netting to let

them through; that there would have to be something wrong with the equipment. There was testimony that if an engine is properly equipped with modern devices there is no occasion for cinders flying around the cab; that cinders cannot get out of the firebox into the cab. One of the witnesses called by appellee testified that he had not seen an engine in years that would throw sparks when it was properly equipped and in good condition. There was evidence that in the line of his duty appellee was required to put his head out of the cab window to look for signals, and that, while his head was out of the cab window, a cinder was emitted from the engine flue and lodged in appellee's eye causing the injury complained of.

It is further asserted that the verdict is contrary to law in that the jury failed to make a proper deduction or diminution of the damages on account of the contributing negligence of appellee as contemplated by the Federal Employers' Liability Act. But the jury was fully instructed upon the subject, and it must be concluded that if it found that negligence of the appellee contributed to the injury it made the deduction.

It is contended that the verdict of $8,000 for the loss of an eye is excessive, but it cannot be said as a matter of law that this is true. It is argued that the defendant was negligent in procuring medical treatment. But all the facts were before the jury, and it was for the jury, and not for the court, to fix the appellee's damages. It is true that if the damages assessed are so large as to indicate that prejudice, passion, partiality, corruption, or a misunderstanding of the evidence, was involved in fixing the amount, the verdict will be set aside. But there is nothing in the record to indicate that such improper considerations influenced the jury.

Error is predicated upon the giving of the following instruction tendered by appellee: "It is not necessary that the plaintiff prove the allegations of his complaint by direct and positive evidence, but such allegations may be proven by circumstantial evidence or by a combination of both direct and circumstantial evidence." The instruction is clearly correct, and is not open to the objection that it authorizes a verdict based upon mere speculation and conjecture. Appellant had the privilege of tendering an instruction covering speculation and conjecture. Instructions were given at the request of appellant advising the jury that recovery could only be had upon proof of some specific negligent act of the defendant being the proximate cause of the injury.

Complaint is made of another instruction upon the subject of the measure of damages, upon the ground that it failed to take into consideration, and no instructions were given on the subject of, the defense of assumption of risk. But in this statement appellant is in error. Appellant tendered, and there were given, not less than eleven instructions upon this subject. Another instruction complained of correctly defines negligence. Appellant contends that it is erroneous, since it wholly fails to deal with assumption of risk. But the rule of assumption of risk cannot change the definition of negligence. The instruction is correct. As indicated above, the jury was amply instructed on the subject of assumption of risk.

The deposition of a doctor was offered and read in evidence. Appellant objected on the ground that at the time the deposition was taken the plaintiff had on file three paragraphs of complaint, and that after the deposition was taken an amended complaint was filed, and that the allegations thereof are different than in the complaint on file when the deposi-

tion was taken. No other objection was made at the time. It is contended that by this change in the pleadings the deposition was rendered immaterial and improper. No authority is cited or reason given to support the contention. If there were changes in the material facts involved in the issue under the amended pleadings, so that certain of the questions or answers became immaterial or irrelevant, the remedy was by objection to the questions and answers, and not to the deposition. The deposition was entirely immaterial, since the doctor refused on advice of counsel to answer questions on the merits of the controversy. The appellant could not have been harmed.

The appellee asked one of the witnesses what, if anything, the manner of firing has to do with an engine throwing cinders. Appellant made the following objection: "They have to prove the allegations of their complaint, they have to show by some substantial evidence that the allegations of their complaint are true and that the spark arrestor of the engine was defective and not in good condition—that is the essential element of their complaint and before they can recover they have to prove that element." It is contended that there was no proof of improper firing before the question was asked, but there was such proof afterwards. It is well settled that the order of proof is within the discretion of the court, and, if the basic evidence is in the record, it is immaterial whether the testimony of the skilled witness respecting the evidence is taken before or after. The objection quoted clearly indicates that at the trial the appellant understood that the complaint declared upon defective equipment, and that appellee was relying upon establishing that the spark arrestor was defective.

Complaint is made on the ruling of the court in permitting appellee's counsel to ask the witness Rodenbeck,

called by appellant for the purpose of impeaching appellee, whether, when the conversation involved was had, the appellee had anyone representing him. The only objection made at the trial was that the testimony was irrelevant and immaterial. In the brief it is said that it was calculated to prejudice the minds of the jury against appellant. In what manner it was prejudicial is not suggested. But the question was clearly competent for the purpose of showing the surroundings and circumstances attending the conversation.

The court gave forty-four separate instructions tendered by appellant, and if any were tendered and refused appellant has not complained. The jury was fully instructed upon appellant's theory of the case. The case was fully and fairly tried.

Judgment affirmed.