## STORCKMAN *v.* KELLER

[No. 20,775. Filed June 18, 1968. Rehearing denied September 4, 1968.]

*Williams and Williams,* of Covington, for appellant.

*James B. Wallace, Don P. Campbell,* and *Wallace & Wallace,* of Covington, for appellee.

FAULCONER, J.—This action was instituted by plaintiff-appellant seeking damages for the death of appellant's son who was a passenger in an automobile owned and being operated by defendant-appellee. Appellant alleged that appellee was wilfull and wanton in that he operated the automobile at a speed of 50 miles per hour, "replaced the cap screws that were originally used to fasten the steering gear to the frame of said 1951 Ford as aforesaid by three bolts and three nuts of smaller diameter and less tensile strength than the original cap screws on said automobile." As a result the bolts sheared in two parts rendering the steering mechanism of the automobile incapable of control causing it to run off the highway and against a tree. The complaint further alleged that the defendant-appellee knew that the steering mechanism was fastened to the frame by bolts which were of insufficient size and tensile strength to adequately control the steering of the automobile which fact was unknown to appellant's deceased son.

The issues were closed by appellee's answer and evidence was submitted to the court without a jury. At the close of appellant's evidence, the appellee moved for a finding in his favor which was granted. Judgment was duly entered that plaintiff-appellant take nothing by his complaint. Appellant's motion for new trial was overruled and is the error assigned on this appeal. The specifications of the motion for new trial not waived are that the finding and decision of the court was contrary to law; error in sustaining appellee's motion for finding for the appellee; and error in excluding certain evidence.

In sustaining appellees motion for a finding in his favor at the close of plaintiff-appellant's evidence the court in effect

found that plaintiff-appellant had failed to make a prima facie case. We will uphold this ruling if the evidence most favorable to the appellant, or reasonable inferences therefrom, fail to support one or more of the material allegations of the complaint essential to recovery. *Boswell v. Washington* (1967), 140 Ind. App. 273, 221 N. E. 2d 184, 185, 9 Ind. Dec. 346 (transfer denied).

It appears from the evidence most favorable to the appellant, against whom the verdict was directed, that approximately one and one half months prior to the accident, the defendant-appellee noticed that the threads on the three bolts in the steering mechanism of his car were badly worn. In order to correct this condition, the appellee placed new bolts in the mechanism which were about one-sixteenth of an inch smaller than the original bolts had been. On the day before the accident occured, the appellee noticed by inspection that the replaced bolts had become loose so he tightened them with a wrench. After working on the car he and another companion drove it for a short time, neither of them noticing any complications with the handling of the car. The next day, while appellee and deceased were riding together in the car, it went out of control and crashed into a tree beside the road, inflicting injuries which resulted in the death of deceased.

The appellant herein, who is the father of the deceased, testified as an expert witness in the field of automobile maintenance and equipment that the faulty steering mechanism, due to the wearing on the replaced bolts, was the sole proximate cause of the accident.

Assuming this to be true and drawing all reasonable inferences presented by the evidence most favorable to appellant, the question is whether the appellee's conduct, in attempting to repair the steering mechanism, amounted to wilfull or wanton misconduct within the meaning of the Indiana Guest Statute, being Acts 1937, Ch. 259, § 1, p. 1229; § 47-1021, Burns' 1965 Replacement.

"The case law in Indiana has emphasized two elements that must be established by the evidence to fix liability for 'wanton or wilful misconduct.' First, the defendant must have had 'knowledge of an impending danger' or have been 'conscious of a course of misconduct' calculated to result in the probable injury to his guest; and, second, the defendant's actions must have exhibited his indifference to the consequences of his misconduct." *Shane, Admrx. v. Fields* (1963), 135 Ind. App. 353, 359, 190 N. E. 2d 195 (transfer denied).

Appellant contends that the conduct of appellee in attempting to repair the steering mechanism of his automobile "showed [a] gross and reckless disregard for the safety of others." However, an examination of the facts as presented will simply not sustain this contention. It appears from the record that the defendant-appellee recognized a possibly dangerous defect in his automobile and attempted to correct or alleviate this situation in a manner he thought best. Certainly, it could not be said that his conduct amounted to a reckless indifference for the safety of others with knowledge that injury would be the probable consequence.

Therefore, under the facts and circumstances of this case, it is our opinion that plaintiff-appellant failed to prove a prima facie case of wilful or wanton misconduct on the part of the defendant-appellee and that the trial court did not err in directing a verdict in appellee's favor.

Appellant also claims error in the trial court's sustaining appellee's objection to Exhibit "D" which was a bolt alleged to have been part of the steering mechanism of appellee's automobile. It is well recognized that before evidence of this nature may be admitted the party offering such evidence must lay a proper foundation. The record indicates that a bolt was found on the frame of the wrecked automobile some fifteen months after the accident happened. It was never established that the bolt in question was a part of the steering mechanism at the time of the ac-

cident. In fact there was no proof that it actually came from the same automobile. Under these circumstances we cannot say that the trial court abused its discretion in not allowing Exhibit "D" to be admitted into evidence.

Furthermore, in view of the conclusion reached by this court regarding the trial court's directing a verdict for appellee on the issue of wilful or wanton misconduct, the error, if any, in excluding Exhibit "D" could not have changed the result reached at the trial. Consequently, the alleged error is harmless and therefore, would not constitute reversible error.

"An appellate court will not reverse for error in the admission or rejection of evidence, unless the error resulted in harm." *Perkins v. Sullivan* (1957), 127 Ind. App. 426, 429, 143 N. E. 2d 105.

Judgment affirmed.

Carson, C.J., Cooper and Prime, JJ., concur.

NOTE.—Reported in 237 N. E. 2d 602.