BEN A. SPEARS *v.* FRED AYLOR.

[No. 3-773A87. Filed December 10, 1974.]

*Robert L. Stephan,* of South Bend, *Myron J. Hack,* of South Bend, for appellant.

*Arthur A. May, Terry V. Lehr, Crumpacker, May, Levy & Searer,* of South Bend, for appellee.

GARRARD, J.—On the morning of February 10, 1970, plaintiff stopped at a filling station along U.S. Highway 31. Upon re-entering the highway, his automobile was struck from the rear by defendant's van.

Plaintiff sued to recover for his personal injuries and property damage. The defendant counter-claimed for his property damage. Trial by jury resulted in the denial of both claims. Plaintiff's appeal asserts the improper introduction of certain evidence and error in giving four instructions. We affirm the judgment.

The evidence admitted over objection was testimony regarding the location of debris found at the scene of the collision. Melvin Billow, a St. Joseph County Police officer with two years' experience on the force, happened on the scene shortly after the collision. He was called as a witness by the defendant. On direct examination he testified that he had investigated many accidents, that when two vehicles collide there is usually debris at the scene, and that it usually consists of "glass, trim, paint, various articles like this." He was then asked, "Did you see any such debris on the highway near the two vehicles? Did you see some debris on the highway?" He answered "yes", and was then asked where. Counsel objected

"until it was established" that the debris was from or related to one or both of the vehicles involved. The court overruled the objection, and the witness stated he found the debris at the northern edge of the service station driveway. Subsequent questions elicited that the debris was mostly glass, that the witness helped sweep it off the road and that he also saw skid marks. At the time the testimony was proffered, there were already introduced into evidence photographs of the vehicles after the collision. Two of these photos show the right front parking light broken out on defendant's van. While the probative value to be assigned this evidence would certainly have been enhanced by a showing that the glass was subsequently determined to have come from the van, or even from a showing that the whole area was inspected and this was the only glass debris present, that is not the issue. We are concerned with the admissibility rather than the weight to be accorded the testimony.

Where the relevance of an item of evidence is questioned on the basis of the sufficiency of the foundation that has been laid for its introduction, the trial judge is invested with sound judicial discretion, and the court's action in accepting or rejecting the item should only be reversed on appeal where a clear abuse of discretion is shown.[1] *Storckman* v. *Keller* (1968), 143 Ind. App. 43, 237 N.E.2d 602. Our Supreme Court has traditionally held that admission of such evidence will be sustained so long as it has a tendency to prove a material fact, even though its tendency in that direction may be exceedingly slight.[2] *Thomas* v. *State* (1968), 251 Ind. 76, 238 N.E.2d 20; *Smith* v. *State* (1937), 212 Ind. 605, 10 N.E.2d 899; *Deal* v. *State* (1894), 140 Ind. 354, 39

1. Essentially the same problem is presented by the objection questioning whether a sufficient foundation has been laid to permit an expert witness to state his conclusory opinion. See, e.g. Fischer v. State (1974), 160 Ind. App. 641, 312 N.E.2d 904.

2. We need not here discuss the consideration to be given to the danger of independent prejudice which attends the offer of such evidence on some occasions, as where evidence of a defendant's prior crimes may be arguably relevant to prove the crime in issue.

N.E. 930. Thus, in *Grossnickle* v. *Avery* (1926), 96 Ind. App. 479, 152 N.E. 288, a witness was permitted to describe skid marks he observed at the scene of an accident even though he had not seen the collision. From other evidence it was possible to infer the marks were made by the defendant's auto. On appeal, the court held the evidence was properly admitted, although its weight was, of course, to be determined by the jury. Similarly here, the evidence established that defendant's parking light was broken in the collision,[3] and that in examining the scene the police officer found glass debris.[4] Of critical importance was where the collision occurred, since the essence of defendant's position was that plaintiff was engaged in entering the highway at the moment of collision. Certainly the weight to be given Billow's testimony on this point was subject to attack. However, we cannot say that the court abused its discretion in permitting the answer.

We turn, then, to the instructions claimed to contain error. In so doing we are mindful of the enjoinder, often voiced, that appellate review of the language employed in instructions must be tempered with consideration of the inherent imperfections involved in our efforts to communicate. *Perry* v. *Goss* (1970), 253 Ind. 603, 255 N.E.2d 923; *Hendrix* v. *Harbelis* (1967), 248 Ind. 619, 230 N.E.2d 315.

Plaintiff objected to the following instruction given by the court:

"Ladies and Gentlemen of the Jury: I instruct you that contributory negligence is an element of defense in this case. Contributory negligence is any negligence on the part of the person claiming damages or injuries, proximately contributing to the damages or injuries, if any, that may be complained of. So in this case should you find by a fair

3. There was testimony that the damage shown in the pictures occurred as a result of the collision.

4. The testimony that the debris was glass came after the statement locating the debris. However, such evidence is properly considered by this court in determining whether any error on admissibility was harmful. N.Y.C. & St. L. R.R. Co. v. Connaughton (1937), 211 Ind. 419, 5 N.E. 904; Rowell v. Klein (1873), 44 Ind. 290.

preponderance of all the evidence *that a party was negligent in any manner, however slight, which proximately contributed to the collision* in question, then that party may not recover against the other party on his complaint or cross complaint even though you may also find by a fair preponderance of the evidence that the other party may also have been guilty of negligence which proximately contributed to that party's injuries or damages, if any." (Emphasis added)

Plaintiff cogently argues that use of the phrase "however slight" is confusing and is capable of misleading a jury.

In *Huey* v. *Milligan* (1961), 242 Ind. 93, 175 N.E.2d 698, our Supreme Court reversed over the giving of an instruction on contributory negligence where the court instructed the jury to find for defendant if the plaintiff was guilty of any negligence which *"proximately contributed in the slightest degree* to the collision." (Emphasis added) The basis for the holding was that as used in the instruction the phrase "slightest degree" was used to modify, or apply to, causation. Thus, the court reasoned that the instruction prejudicially misled the jury into the belief that negligence on the part of plaintiff would bar recovery even if that negligence was only a remote (slight) cause of the injury, rather than a proximate cause.

However, the court in *Huey* discussed and simply distinguished the earlier case of *Bain, Admx.* v. *Mattmiller* (1938), 213 Ind. 549, 13 N.E.2d 712. The *Bain* court found no reversible error in the trial court's instruction that:

"If Charles Bain, plaintiff's decedent herein was guilty of *any negligence, no matter how slight,* which proximately contributed . . ." (Emphasis added) 13 N.E.2d at 715.

The *Bain* rationale appears to be that since Indiana does not recognize degrees of negligence, and since the court elsewhere defines negligence as the failure to exercise ordinary care, etc., it cannot be error to advise the jury that a plaintiff's negligence will bar recovery

no matter how slight his departure was from the ordinary care standard.

The *Bain*-type instruction was again found not to be harmful error in *Keck* v. *Pozorski* (1963), 135 Ind. App. 192, 191 N.E.2d 325 (trf. den.).

> Accordingly, under the doctrine of *Hendrix* v. *Harbelis, supra,* and upon the express authority of *Bain* and ■ *Keck* we find the instruction given here was not harmful error.

However, we do not endorse use of the phrase "however slight" as tending to greatly enlighten or edify a jury of one's peers. As observed by Professor Prosser, the real intent in using such language is to reject any idea of comparative negligence.[5] That such a brief reference only questionably conveys the meaning strived for is, we think, well demonstrated by the semantic discussions found necessary by the court in *Bain* and *Huey*.

Plaintiff next objects to defendant's requested instruction No. 2 which was given by the court:

> "Ladies and Gentlemen of the Jury: I instruct you that at the time of the collision in question there was a law in the State of Indiana that provided that the driver of a motor vehicle about to enter a highway from a private driveway shall yield the right-of-way to all vehicles approaching on said highway.
>
> The violation of this law of the State of Indiana is evidence of negligence on the part of the one violating said statute and places upon the violator a burden of showing justifiable excuse for such violation.
>
> So in this case should you find by a fair preponderance of all of the evidence that the plaintiff, Ben Spears, prior to the collision in question, operated his motor vehicle from a private driveway of the filling station into U.S. 31 North and failed to yield the right-of-way to the automobile operated by the defendant, Fred Aylor, this would constitute evidence of negligence on the part of Ben Spears and would place upon Ben Spears the burden of showing a justifiable excuse for such a violation of the law.

5.  Prosser, Torts (3rd Ed.) p. 431.

If Ben Spears should show by a fair preponderance of all of the evidence that he had a justifiable excuse for any such violation of the law then he would not be guilty of negligence on the account of such violation of the law."

It is first urged that the instruction is faulty for failing to advise the jury that the statute referred to requires a yield of right-of-way only when the approaching vehicle "is approaching so close as to constitute an immediate hazard or in some other fashion has the right-of-way." We note that the language employed faithfully tracks the provision of the statute (IC 1971, 9-4-1-84 [Burns Code Ed.]). We also note that virtually this same argument was rejected by this court in *Shown* v. *Taylor* (1949), 120 Ind. App. 154, 88 N.E.2d 783, where it was urged that an instruction on the statutory duty of a motorist to sound his horn was defective for failing to indicate the duty was limited to situations where it was necessary to apprise a pedestrian of the approach of the vehicle. As in *Shown,* we do not believe the jury was misled.

Plaintiff cites the failure of the instruction to refer to proximate causation. However, the instruction does not mandate a finding against plaintiff. Instead it addresses merely the issue of negligence. It must therefore be considered in conjunction with the other instructions given by the court, which adequately advise the jury of the necessity of proximate causation.

Plaintiff also contends that this instruction and defendant's tendered instruction No. 10 are mandatory. Instruction No. 10 advised the jury of the duty of one entering a highway from a private driveway to exercise reasonable care to discover the approach of other vehicles and avoid colliding with them. Without belaboring the issue, we conclude they are not mandatory.

Each instruction did contain specific applications of the propositions of law involved, a technique which has been previously approved. *Connor* v. *Jones* (1945), 115 Ind. App. 660, 59 N.E.2d 577. However, neither instruction directed the

jury to return a verdict for the defendant if they found certain facts to exist. Moreover, each instruction left for the jury the necessary factual determination. Thus, instruction No. 2 left open for the jury the determination of whether plaintiff, in fact, failed to yield the right-of-way, and instruction No. 10 similarly preserved the determination of whether plaintiff *did* exercise reasonable care to observe other vehicles or avoid colliding with them. As stated in *Stull* v. *Davidson* (1955), 125 Ind. App. 565, 127 N.E.2d 130:

> ". . . [T]he instruction merely refers to certain facts, without assuming that they have been found, and instructs the jury as to the law applicable if these facts are found by the jury, which is entirely within the province of the trial court." 125 Ind. App. at 581.

Finally, plaintiff objected to an instruction on sudden emergency as being inapplicable under the evidence. However, the standard imposed by the instruction was that one confronted by a sudden emergency not created by his own negligence is "required only to act as a reasonable and prudent person would act under the same or similar circumstances." Accordingly, any error in giving the instruction based upon its inapplicability to the evidence is harmless, since it simply calls for the application of the reasonable man test. *Baker* v. *Mason* (1968), 253 Ind. 348, 242 N.E.2d 513.

Judgment affirmed.

Hoffman, C.J. and Staton, J., concur.

NOTE.—Reported at 319 N.E.2d 639.