EVERETT MEEKER *v.* THELMA ROBINSON

[No. 1-1176A221. Filed December 12, 1977.]

*John A. Kesler, Dennis H. Stark,* of Terre Haute, *William K. Teeguarden,* of Terre Haute, for appellant.

*Charles F. Robinson, Jr., Linda A. Hammel, Yarling, Tunnell, Robinson & Lamb,* of Indianapolis, for appellee.

LYBROOK, J.—Plaintiff-appellant Everett Meeker appeals from a negative judgment entered in his suit against defendant-appellee Thelma Robinson, arising out of a motorcycle-automobile collision. Meeker raises the following issues for review:

(1)  Did the trial court err in admitting and later refusing to strike certain evidence regarding a posted speed limit sign?

(2)  Did the trial court err in prohibiting references to a posted speed limit during final argument?

(3)  Did the trial court err in refusing to admit certain medical records offered into evidence by Meeker?

(4)  Did the trial court err in giving Robinson's Instruction No. 5?

We affirm.

On August 13, 1973, Everett Meeker (Meeker) was traveling eastward in the 2100 block of Clay Avenue in Terre Haute between 6:00 and 6:30 p.m. when the motorcycle which he was riding and the automobile which Thelma Robinson (Robinson) was driving were involved in a collision. The parties disagree as to whether Robinson's automobile struck Meeker's motorcycle as Robinson attempted to turn into her driveway, or whether Meeker's motorcycle struck Robinson's automobile as Robinson waited to turn into her driveway.

Meeker filed suit against Robinson March 10, 1975, alleging that Robinson had negligently caused the collision and that Meeker had suffered personal injuries, property damage, and lost

wages as a result of the collision. Robinson denied liability and pleaded the affirmative defense of contributory negligence.

Trial commenced June 29, 1976. Following a jury verdict for Robinson, the trial court entered judgment on the verdict. Meeker filed his motion to correct errors August 30, 1976, which the trial court denied.

Out of the presence of the jury, and before introduction of any evidence at trial, counsel for Meeker filed a motion in limine, seeking to forbid the mention of a 20 mile per hour speed limit sign until such time as the defendant proved that the speed limit had been reduced by official action. The court granted the motion.

After the motion was granted, a discussion ensued regarding the mention of the sign when and if a photograph depicting the scene, and thus showing the sign, was admitted into evidence. The trial court gave an ambiguous explanation of what was to happen at that time.

Counsel for Meeker asked for no further explanation and voiced no objection to the interpretation placed by the trial court upon its order.

Meeker contends that the trial court committed reversible error by admitting evidence which violates the order on the motion in limine and by refusing to strike that evidence after the defense rested without having introduced any ordinance.

Thelma Robinson was the first witness called by the defense. She briefly described the street on which the collision occurred. Defense counsel then asked her whether a certain photogrpah which he showed her was a true and accurate photograph of Clay Street looking from east to west in the block where the collision occurred. When Robinson answered affirmatively, defense counsel offered the photograph into evidence.

Meeker objected "for the reason that it contains a sign there which purports to tell what the speed limit is and this would be hearsay and inadmissible for that proof as it cannot be proved other than by the Terre Haute City Ordinance and until that is done this picture could do nothing but confuse and lead the Jury

to believe the speed limit is something other than what the law sets that." The trial court overruled Meeker's objection and admitted the photograph into evidence. This photograph includes a view of the street, homes on each side of the street, and a sign marked "SPEED LIMIT 20."

Meeker cites *Enyart v. Blacketor* (1976), 168 Ind. App. 214, 342 N.E.2d 654, for the statement that "a party seeking to show negligence by the violation of a city ordinance setting a speed limit less than the general speed limit has the burden of proving the existence of a city ordinance setting the alleged limit."

In *Enyart*, as in the case at bar, the parties agreed that the speed limit in an urban district was thirty miles per hour, pursuant to IC 1971, 9-4-1-57(b) (Burns Code Ed.), unless that speed limit had been reduced by local authorities, as provided in IC 1971, 9-4-1-58(a) (Burns Code Ed.). In *Enyart* the Court of Appeals, Third District, ruled that the trial court did not err when it granted Blacketor's motion in limine barring reference to a twenty-mile-per-hour speed limit sign. Enyart had failed to introduce into evidence the ordinance imposing the reduced speed limit. Judge Hoffman went on to hold that evidence of an irregular speed limit sign would be both irrelevant and prejudicial.

Although *Enyart* appears to provide foundation for the elements of Meeker's argument, Meeker overlooks several important facts.

First, in *Enyart* the court on review considered whether the trial court erred in granting the motion in limine. In the case at bar, no one argues that the trial court erred in granting the motion in limine; instead, Meeker contends that the trial court erred in admitting evidence which violated the order on the motion in limine.

Second, the prejudicial nature of an irregular speed limit sign was discussed in *Enyart* along with negligence per se. In the case at bar, however, Robinson moved for judgment on the evidence because of an alleged showing of negligence per se, but the trial court properly denied the motion. Further, the trial court in the

case before us gave no instruction on the theory of contributory negligence per se, based upon the purportedly reduced speed limit.

Third, in a later portion of the *Enyart* opinion Judge Hoffman discussed the value of the evidence for showing deviation from the reasonably prudent man standard. In so doing Judge Hoffman, writing for the court, recognized the general rule that violation of an irregular traffic control device directive was some evidence of negligence. He went on to qualify that statement by limiting that rule to traffic control devices warning of immediate danger or harzard. He then concluded that a speed limit sign did not warn of danger and thus the sign's presence could not be introduced as any evidence of negligence.

It should be noted that two of the three appellate judges deciding the *Enyart* case stated their beliefs, in separate opinions, that a speed limit sign provided a warning to motorists and as such could be admitted into evidence as some indication of negligence. Judge Garrard concurred with Judge Hoffman based on the discretion granted trial courts in admission of evidence. Judge Staton registered a dissent to Judge Hoffman's opinion.

We must agree with Judge Garrard and Judge Staton that an irregularly posted speed limit sign is relevant to the issue of whether a party acted as a resonably prudent person would act while driving in an area where such a sign appeared. If our holding in this case requires us to depart at all from Judge Hoffman's reasoning, we depart only to the extent that Judge Hoffman seemingly decides *as a matter of law* that such evidence is inadmissible; we define the scope of review as a search for abuse of discretion based upon the particular circumstances.

At no time has Meeker argued that the photograph is not accurate. He argues only that its admission was prejudicial and that its admission amounted to a violation of the motion in limine granted by the trial court. In general, the admission or exclusion of evidence in the form of photographs is within the sound discretion of the trial court. The action of the

trial court will not be disturbed except for abuse of discretion. *Hubble v. State* (1973), 260 Ind. 655, 299 N.E.2d 612. "[A] photograph proved to be a true representation of the person, place, or thing which it purports to represent is competent evidence to visually display that which a witness may verbally describe." *Dudley Sports Co. v. Schmitt* (1972), 151 Ind. App. 217, 279 N.E.2d 266. Accordingly, we consider the photograph and the testimonial references together in considering whether the trial court committed error.

The initial mention of speed or speed limits on the street in question was by Meeker. He stated the speed limit to be 30 miles per hour and that he had seen Robinson coming but was unable to judge her speed. The second reference to a speed limit came during the cross-examination of the investigating police officer when he stated the speed limit was 20 miles per hour. Meeker neither objected nor moved to strike the answer.

The third reference to a speed limit came when a photograph was introduced "so the Jury can get some idea of what the street looks like." The fourth reference to a speed limit came from Robinson's attorney during an objection by Meeker in regard to an eyewitness estimating the speed at which Meeker was traveling.

The final reference to a speed limit came from Robinson when she testified that the speed limit sign in the photo had been in place for at least 19 years.

At the close of the defense's case, Meeker moved to strike all references to a 20 miles per hour speed limit. The motion was denied.

In *Burrus v. Silhavy* (1973), 155 Ind. App. 558, 293 N.E.2d 794, Judge Staton noted that a "motion in limine" is a necessary adjunct to the inherent power of a trial court to exclude inadmissible and prejudicial evidence before and during trial.

We agree with Meeker that the events at trial do not comply with the court's order on his motion in limine. However, counsel for Meeker remained silent when the trial court explained its

interpretation of the order. If he believed the trial court was erroneously construing the motion and order, he had a duty to voice objection or seek further explanation at that time. His failure to act promptly left him bound by the explanation made of record.

Having carefully reviewed the exhibit and context of the testimony complained of, we decline to find an abuse of discretion by the trial court.

Although Meeker argues that the exhibit and testimony to which he refers had prejudicial effect, we are not persuaded that Meeker was denied a fair trial. Meeker, a resident of the neighborhood for two years, had made the self-serving statement that the speed limit had "always been thirty thru (sic) there." Robinson proceeded to present an exhibit to indicate a posted sign limiting speed to twenty miles per hour and testimony that the sign had been present at least nineteen years. This exhibit had probative value in suggesting Meeker's inattentiveness in general as well as value in depicting the setting of the collision.

The trial court overruled Meeker's motion to strike "any references to the fact that the speed limit is at least *legally* 20 m.p.h." (Emphasis added). This motion encompasses only Officer Trueblood's testimony, to which Meeker made no objection, and the one comment by counsel for Robinson. We hold that the admitted evidence was relevant to aid the jury in determining whether Meeker acted as a reasonably prudent person would act. The risk of prejudice was satisfactorily thwarted when the trial court instructed the jury that the lawful speed limit is thirty miles per hour in an urban district.

Robinson contends that Issues 2, 3, and 4 are waived because Meeker's motion to correct errors fails to comply with Trial Rule 59 of the Indiana Rules of Procedure. That rule provides, in part, that "[t]he statement of claimed errors shall be specific rather than general, and shall be accompanied by a statement of the facts and grounds upon which the errors are based."

We agree that Meeker has not complied with TR. 59 in presenting Issues 2, 3, and 4 in his motion to correct errors. Although

Meeker has thereby waived these issues, we will recount his arguments briefly.

The trial court entered an order prohibiting reference to speed limits during final arguments. Meeker contends that the trial court abused its discretion when it imposed this limitation and as a result, "the jury was permitted to go to the jury room believing there was a speed limit of 20 m.p.h. and that the Plaintiff had violated said limit because he admitted on cross-examination to driving 25 to 26 m.p.h. at the time of collision."

Although evidence was introduced to show the presence of a sign limiting the speed to twenty miles per hour, the trial court instructed the jury that the speed limit in an urban district is thirty miles per hour and the trial court defined "urban district" for the jury. We hold that the trial court did not abuse its judicial discretion when it placed the limitation upon final arguments.

Meeker argues that the trial court erred when it refused to admit certain medical records which Meeker offered into evidence. At trial Meeker made no statement to indicate the purpose for which the evidence was offered, and he has failed to include the rejected evidence as a part of the record on appeal.

In *Marks v. State* (1942), 220 Ind. 9, 40 N.E.2d 108, our Supreme Court considered a like situation:

"If there is any ground which would have justified its exclusion, it was not error to exclude the evidence, and, without the exhibit before us, we are unable to say that it was erroneously excluded."

Because Meeker has not included the proffered exhibit in the record, we are unable to conclude whether the trial court erred in rejecting the medical records which Meeker offered into evidence. One who seeks to disturb the judgment of the trial court must affirmatively show an erroneous ruling and resulting prejudice to appellant; a court of review will not indulge contrary presumptions to sustain allegations of error. *Kraft v. Himsel Stock Yards* (1957), 127 Ind. App. 238, 139 N.E.2d 569.

Meeker's final alleged error concerns a jury instruction given by the court. In essence, that instruction stated the duty of care

which must be used by a reasonable man in choosing the speed at which to drive. It further stated that if by a preponderance of the evidence Meeker violated that standard, considering all the circumstances of the actual accident, then Meeker was negligent.

The only specific objections to the instruction which Meeker noted at trial were that the instruction (a) quotes only a part of the relevant statute and (b) omits reference to proximate cause. He insists that the instruction is mandatory and therefore cannot be cured by other instructions.

"A mandatory instruction unequivocally charges the jury that if they find from a preponderance of the evidence that a certain set of facts exists, they must render a verdict in accordance therewith, either for the plaintiff or in favor of the defendant. It positively directs the jury to find for one party and against the other." *Vance v. Wells* (1959), 129 Ind. App. 659, 666-67, 159 N.E.2d 586, 590.

We hold that the instruction was not mandatory. It did not direct the jury to find for one party and against the other. Accordingly, the alleged deficiencies were cured by other instructions given by the trial court. *Lamb v. York* (1969), 252 Ind. 252, 247 N.E.2d 197.

Meeker failed to specify the statute to which he referred in his objection, but we assume he referred to IC 1971, 9-4-1-57 (Burns Code Ed.). The trial court gave Indiana Pattern Jury Instruction 15.01 and proceeded to read IC 1971, 9-4-1-57(a) and (b) and (1) as a part of that instruction. The trial court also gave Indiana Pattern Jury Instructions 5.21 and 7.05 (which refer to contributory negligence and proximate causation) and 5.81 (which defines "proximate cause").

Meeker has failed to show that the trial court committed reversible error. The judgment of the trial court, therefore, is affirmed.

Affirmed.

Robertson, C.J. and Lowdermilk, J. concur.

NOTE—Reported at 370 N.E.2d 392.