STATE of Indiana, Plaintiff-Appellee,

v.

Enzie MOORE, Defendant-Appellant.
[sic]

No. 3–1278A341.

Court of Appeals of Indiana,
Third District.

June 28, 1979.

Rehearing Denied Aug. 8, 1979.

David Capp, Cohen & Thiros, Merrillville, for defendant-appellant.

Theodore L. Sendak, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

STATON, Judge.

Enzie Moore was charged and convicted by jury of Second Degree Burglary. He was committed to the Indiana Department of Corrections for a period of not less than two nor more than five years.

On appeal, Moore contends that the trial court failed to require the State to lay an appropriate evidentiary foundation before admitting critical exhibits. As such, the admitted exhibits were irrelevant and their cumulative effect constituted prejudice.

We affirm.

The facts relevant to our disposition are as follows: Enzie Moore and co-defendant Wardell Golden were apprehended at 3:30 a. m. after being ordered by police to "come out" of a hole smashed through the back wall of the Bridge Bottom Liquor Store. Both were immediately placed under arrest. At the scene, police confiscated four cases of liquor and a sledgehammer, lying next to the hole on the outside of the building. The evidence was marked and taken to the property room at the police station. One of the police officers conducted an on-scene investigation of a white car parked across the street from the liquor store. He testified the car was registered to Golden.

At trial, the sledgehammer and photographs of the confiscated liquor, the hole in the back wall and the car were offered into evidence over Moore's objection. On appeal, he contends that this demonstrative evidence was not relevant due to the State's failure to connect it with him.

 In order to be relevant, evidence must make the desired inference more probable than it would be without the evidence. *Pirtle v. State* (1975), 263 Ind. 16, 323 N.E.2d 634. Evidence may be found relevant even though its ability to persuade is slight. *Smith v. Crouse-Hinds Company* (1978), Ind.App., 373 N.E.2d 923. Any fact which legitimately tends to connect a defendant with a crime is admissible even if only a reasonable inference may be drawn from it. *Steadman v. State* (1979), Ind. App., 385 N.E.2d 1200.

Moore asserts, on appeal, that the State improperly laid a foundation by failing to connect the proffered evidence with him. Wigmore discusses the necessity of establishing this connecting link:

> "*Authentication* . . . presupposes a single object . . . and refers to it as associated with a person, a time, a place, or other known conditions. Thus, the object itself, when offered, is not relevant unless it is the object that was in fact thus associated with those conditions. Hence, the evidencing of those conditions is necessary; and the principle of *Authentication requires that some evidence connecting the object with those conditions be introduced* before or at the time of offering the object itself." (our emphasis)

Wigmore on Evidence, § 2129, Vol. VII, p. 569 (3rd ed. 1940).

Before the offer of these exhibits, there had been nothing in the proceedings which linked the evidence with Moore. There had been no testimony that the two men apprehended at the liquor store were the two defendants seated in the court room. There had been, however, testimony which linked the offered evidence to the scene of the crime. We conclude that this was ample foundation for the admission of the evidence in question.

The trial court is vested with broad discretion in determining the admissibility of evidence. *Meeker v. Robinson* (1977), Ind.App., 370 N.E.2d 392. This determination may be reversed on appeal only upon a showing of an abuse of discretion. *Meeker, supra.* Such abuse may be shown by appellant's demonstration that the ruling was contrary to the logic and effect of the facts and circumstances before the court. *Smith v. Crouse-Hinds, supra.*

Moore made no such showing. Finding his argument has no merit, we affirm the trial court's judgment.

GARRARD, P. J., and HOFFMAN, J., concur.