**Jack D. BARNETT, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 1–980A249.

Court of Appeals of Indiana, First District.

Jan. 19, 1981.

Mark W. Hunter, Brazil, for appellant (defendant below).

Theo. L. Sendak, Atty. Gen., Janis L. Summers, Deputy Atty. Gen., Indianapolis, for appellee (plaintiff below).

ROBERTSON, Judge.

Jack D. Barnett (Barnett) appeals his conviction based on a guilty plea, of burglary, a class C felony. Barnett and two others burglarized the Custodius Construction Company in Brazil, Indiana. Barnett argues that the trial judge did not inform him of his rights, thereby making his plea involuntary, and that the court erred in modifying the plea bargaining agreement after accepting its terms. We affirm in part, and reverse in part.

Ind.Code 35 4.1 1 3 dictates what procedures the trial court must follow when accepting a guilty plea. Likewise, the court is required by Ind.Code 35 4.1 1 4 to determine the voluntariness of the plea. Barnett admits that the court meticulously followed the provisions of IC 35 4.1 1-3, but nonetheless argues that the plea was voluntary only in the sense that it was given in consideration for recommendations by the State. A review of the record reveals that the statutes were commendably followed. There was no error in this regard.

Barnett weaves into this argument that the court changed the plea bargain agreement by requiring Barnett to pay $2,000 restitution. The terms of the plea bargain agreement were that: the State would make no recommendation as to aggravating circumstances and recommend the standard five (5) year sentence; the sentence would run concurrently with any other sentence, and; Barnett would testify for the State as to all matters concerning a bank robbery. The agreement was accepted by the court on April 9, 1980. On April 10, 1980, Barnett was called back into court and informed that an omission occurred in the sentencing and that the sentence was to include $2,000 restitution to the victim of the burglary.[1] Barnett contends that this amounted to a change of the plea bargain agreement and

1. The total amount of $6,000 was allocated equally among the three perpetrators.

an enhancement of his sentence without due process.

■■ We need not reach these contentions, as the imposition of the restitution provision was fundamental error. *Ind.Code* 35–50–1–1 states that the court shall fix the penalty of, and sentence a person convicted of an offense. The criteria for imposing a sentence is governed by *Ind.Code* 35 50 1A–7 (Burns Code Ed.). Although restitution is a mitigating factor in imposing a sentence, IC 35 50 1A 7(b)(9), nowhere in the sentencing statutes is a provision made for imposing restitution as a part of a sentence to be executed. The judge, although vested with broad discretion in sentencing, is required to act within statutorily prescribed limits. *See* e. g., *Spalding v. State*, (1975) 165 Ind.App. 64, 330 N.E.2d 774. The imposition of restitution is not within the sentencing statute. Therefore, the judge was without the power to impose restitution as a part of the sentence and its imposition was a nullity.

Consequently, the conviction is affirmed, but the imposition of the $2,000 restitution is reversed, and the cause is remanded to remove that provision.

Affirmed in part; reversed in part.

NEAL and RATLIFF, JJ., concur.