Brenda S. RIFE, Defendant-Appellant,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 3–281A36.

Court of Appeals of Indiana,
Third District.

Aug. 12, 1981.

Richard J. Thonert, Romero & Thonert, Fort Wayne, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

HOFFMAN, Presiding Judge.

Brenda S. Rife was convicted of deception, welfare fraud, a class A misdemeanor and was sentenced to a fine of $100 plus costs and restitution in the amount of $738 of overpayment to the Welfare Department. In appealing that conviction, she raises the following issues:[1]

(1) whether there was sufficient evidence to support the conviction;

(2) whether the trial court erred in denying Ms. Rife's motion for directed verdict;

(3) whether the trial court erred in allowing the admission of certain State's exhibits; and

(4) whether the trial court erred in requiring restitution as a part of the sentence imposed.

---

1. The issues have been restated for purposes of clarity.

The Indiana Court of Appeals' standard of review for sufficiency claims is well established. An appellate court will neither weigh the evidence nor judge the credibility of the witnesses, but will look only to that evidence most favorable to the appellee and the reasonable inferences to be drawn therefrom. *Weaver v. State* (1980), Ind. App., 404 N.E.2d 1180.

A review of the facts most favorable to the State reveals that on January 1, 1980, Brenda Rife signed an eligibility report for the months of October, November and December of 1979 on which she reported that she had not received child support. The report also contained the following provisions which appeared above her signature:

"I declare under penalty of perjury that the above statements are true and correct.

"I understand that I must report all changes to the Welfare Department and I am meeting this requirement at this time by returning this form.

"I also understand that all later changes must be reported within seven (7) days directly to my caseworker.

"I understand that as a condition of assignment for the child support program (Title IV–D), I must report any support payments I receive directly to my caseworker so that the money can be forwarded to the Child Support Division."

The Clerk of the Allen Circuit Court issued four checks from the support fund to Brenda S. Rife. The checks were dated December 3, 1979; December 10, 1979; December 18, 1979; and December 26, 1979. All four checks were endorsed by Brenda Sue Rife.

On February 28, 1980, Beverly Miller, a caseworker for the Allen County Welfare Department, made a home visit to the residence of Brenda Rife. During that visit Ms. Rife discussed with Ms. Miller the support she had received in December. Also at that time, Ms. Rife gave Ms. Miller two more support checks which were both dated February 20, 1980. Ms. Rife endorsed the checks as payable to the Child Support Division, and Ms. Miller returned them to the Welfare Department.

Ms. Miller made an in-court identification of Brenda Rife as the recipient of A.F.D.C. and as her client with whom she discussed the receipt of support payments.

The elements of the offense with which Brenda Rife was charged are: 1) knowingly or intentionally; 2) fail to report; 3) a material change; 4) in family or financial condition; 5) after having properly obtained any public relief or assistance. The evidence introduced was sufficient to prove these elements.

The support checks were introduced into evidence. All six were mailed to Brenda S. Rife at the addresses which appeared on the eligibility reports. Those reports were also in evidence and signed by Brenda Sue Rife. Ms. Miller testified that Brenda endorsed the checks which were returned to the Welfare Department. Also admitted into evidence was a check made payable to Brenda S. Rife at the same address. The check was ordered by the Welfare Department and dated December 1, 1979. This check too was endorsed by Brenda Sue Rife. Each one of these documents was admitted into evidence and all bore the same signature. The defendant was identified by Ms. Miller as Brenda Rife, her former welfare client.

The eligibility reports clearly state that all changes must be reported to the Welfare Department, and changes occurring after the reports are sent in must be reported within seven days to the caseworker. There is even a specific statement concerning the reporting of support payments. These provisions appear directly above the signature of Brenda Sue Rife. Therefore, she knew she was required to report such a change in her financial condition.

Yet, the testimony showed that Brenda Rife did not report receiving support payments until February 1980. Since the checks were from December 1979 and she did not report any support until February 1980, obviously, she failed to report this material change in her financial condition. The evidence which was introduced when considered as a whole, was sufficient to support the conviction.

When there is sufficient evidence in the record to support the conviction, refusal to direct a verdict for the defendant at the close of the State's case-in-chief is proper. *Scott v. State* (1980), Ind.App., 409 N.E.2d 1184. Therefore, the trial court did not err in denying Rife's motion for a directed verdict.

Rife next contends that the trial court erred in allowing the admission of certain State's exhibits over her objections that a sufficient foundation had not been laid for their admission. Specifically, she refers to State's Exhibit No. 1, an eligibility report for the months of July, August and September 1979; State's Exhibit No. 2, an eligibility report for the months of October, November and December of 1979; State's Exhibit No. 3, support checks; State's Exhibit No. 5, an A.F.D.C. check; and State's Exhibit No. 6, a budgetary computation.

It is unclear whether Rife is arguing that the admission of State's Exhibit No. 4, certified copies of support checks, was error. This exhibit is only mentioned in passing in her brief. However, due to the fact no objection was made to State's Exhibit No. 4 at the trial, any error concerning it would be waived. *Martincich v. City of Hammond* (1981), Ind.App., 419 N.E.2d 240.

Rife is challenging each exhibit on the theory that a sufficient foundation was not laid for its admission. Where the relevance of an item of evidence is questioned on the basis of the sufficiency of the foundation that has been laid for its introduction, the trial court is vested with sound judicial discretion. The trial court's action in accepting or rejecting the evidence will be reversed on appeal only where a clear abuse of that discretion has been shown. *Spears v. Aylor* (1974), 162 Ind.App. 340, 319 N.E.2d 639. No such abuse had been shown in this case.

The Indiana Supreme Court has traditionally held that admission of such evidence will be sustained so long as it has a tendency to prove a material fact, even though that tendency may be very slight. *Thomas v. State* (1968), 251 Ind. 76, 238 N.E.2d 20; *Spears, supra.*

State's Exhibits Nos. 1 and 2, the two eligibility reports, were introduced to show that Brenda Rife was aware of the requirement that she was to report any support she received to her caseworker. State's Exhibit No. 3 was the support checks issued to Brenda Rife, which evidenced her receipt of monies during the time covered by her eligibility report. They changed her financial condition and should have been reported. State's Exhibit No. 5 was an A.F.D.C. check issued to Brenda Rife for the same month as the support checks in State's Exhibit No. 3. This check was evidence that she was a recipient of public assistance. State's Exhibit No. 6 was a budgetary computation which was admitted to show the material change in Brenda Rife's financial condition as a result of her receiving support payments. It also established the exact amount of overpayment she was awarded.

Since each of these exhibits was relevant to proving a material issue in this case, no abuse of the trial court's discretion in determining that a sufficient foundation was laid for them has been shown. While perhaps a closer link between the evidence and the defendant may have been more helpful in some instances, no error was committed in admitting State's Exhibits Nos. 1, 2, 3, 5 and 6.

Finally, Rife contends that the trial court had no authority to impose restitution as part of her sentence. It should be noted that in her brief she alleges restitution was set at $901. However, the record at page 21 indicates the judgment entered by the trial court set the amount of restitution at $738. Therefore, Rife's argument that the evidence failed to substantiate the amount of $901 is not appropriate.

Brenda Rife was charged with a class A misdemeanor, the maximum sentence for which is found at IC 1971, 35–50–3–2 (Burns 1979 Repl.):

"A person who commits a class A misdemeanor shall be imprisoned for a fixed term of not more than one [1] year; in addition, he may be fined not more than five thousand dollars [$5,000]."

■ The criteria for sentencing can be found at Ind. Code 35–4.1–4–7 (Supp.1980).[2] A factor which may be considered as a mitigating circumstance is if the person has made or will make restitution to the victim of his crime for the injury, damage or loss sustained. This is only something to be considered in determining the sentence, however, and this section does not give authority for making restitution an element of the sentence.

■ This precise issue was dealt with by this Court recently in the case of *Barnett v. State* (1981), Ind.App., 414 N.E.2d 965. At that time, it was determined that the imposition of a restitution provision in sentencing was fundamental error. A judge is vested with broad discretion in sentencing; however, he must act within statutorily prescribed limits, and the imposition of restitution is not within those statutory limits.

The State has attempted to distinguish *Barnett* by arguing that its result was due to the fact that restitution was not a part of Barnett's plea bargain agreement and was ordered nunc pro tunc. Indeed, this was Barnett's argument, but the Court said it need not reach that contention, since imposition of the restitution was fundamental error.

■ The trial court may suspend any part of a sentence for a misdemeanor.[3]

Therefore the trial court in this case could have fined Rife a greater amount and then suspended a portion of that fine if restitution was made. Or, Rife could have been placed on probation for a fixed period of not more than one year.[4] As a condition of probation, the court may require that the person make restitution or reparation to the victim of his crime for the damage or injury that was sustained.[5]

■ However, the trial court in this instance chose not to employ one of these alternatives which would have reached the result it apparently desired. Instead, the trial court imposed restitution as part of the sentence, an act which it was without the power to do, and thus it was a nullity.

Therefore, the conviction is affirmed, but the imposition of the $738 restitution is reversed, and the cause is remanded to remove that provision.

Affirmed in part and reversed in part.

GARRARD and STATON, JJ., concur.

---

2. IC 1971, 35–50–1A–7 (Burns 1979 Repl.).

3. IC 1971, 35–50–3–1 (Burns 1979 Repl.).

4. IC 1971, 35–50–3–1 (Burns 1979 Repl.).

5. IC 1971, 35–7–2–1(a)(5) (Burns 1979 Repl.).