STATE of Indiana, Through its
HIGHWAY DEPARTMENT,
Defendant–Appellant,

v.

Ronald E. SNYDER and Betty M. Snyder in their capacity as Co–Guardians of Dan E. Snyder, an Adult Incompetent, Plaintiffs–Appellees,

Toby L. Parker, Defendant Below.

No. 9102–8912–CV–665.[1]

Court of Appeals of Indiana,
First District.

April 30, 1991.

tiff with respect to the State as the other tortfeasor. We hold that such verdicts are legally inconsistent and, thus, reverse and remand for a new trial.

## FACTS

On November 9, 1985, Dan Snyder was injured in an accident involving a car in which he was a passenger and which defendant Toby Parker was driving. The accident occurred when Parker swerved and drove the car off the travelled portion of a state road. Parker attempted to return the car to the road, but struck a utility pole when a drop-off on the edge of the road prevented him from returning to the road.

The Snyders filed a complaint against both Parker and the State. The complaint alleged that Parker's intoxication and wilful and wanton misconduct were proximate causes of the accident. In addition, the complaint asserted that the State's negligent design, construction, and/or maintenance of the state road was a proximate cause of the accident from which Dan's injuries arose.

The jury returned a verdict in favor of defendant Parker and a verdict for one million dollars against the State. The trial court entered judgment on the jury's verdict, but reduced the damage award to $300,000, the maximum amount allowed under IND.CODE 34-4-16.5-4. The costs of the action were charged to the State. The State appeals.

Linley E. Pearson, Atty. Gen., Stephen C. McNutt, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for defendant-appellant.

Brent E. Clary, Roger Wm. Bennett, Bennett, Boehning, Poynter & Clary, Lafayette, Roger Miller, Miller & Martin, Frankfort, for plaintiffs-appellees.

BAKER, Judge.

The question presented in this case is whether a finding of comparative fault against a plaintiff with respect to one tortfeasor, is legally inconsistent with a finding of no contributory negligence by that plain-

## DISCUSSION AND DECISION

### I.

■ The State contends the jury rendered legally inconsistent verdicts when it found in favor of defendant Parker based on Dan's comparative fault, yet found against the State. We agree.

■ The jury was instructed to consider separately the Snyder's complaint against each defendant, and not to prejudice its decision against one with its decision against the other. The trial judge also informed the jury that the Snyder's complaint against defendant Parker was gov-

erned by the Comparative Fault Act, and that the Snyder's complaint against the State was governed by the law of negligence, including the defense of contributory negligence. With these and other instructions in mind, the jury had two causation questions to consider. First, whether defendant Parker's alcohol consumption was a proximate cause of the accident, and second, whether the faulty design of the highway was a proximate cause of the accident. On the first question, the jury found that Parker's alcohol consumption was a proximate cause of the accident, but that Dan was more at fault in the consumption than Parker. Under the Comparative Fault Act, Dan's fault precluded his recovery against Parker. IND.CODE 34-4-33-4; *Forbes v. Walgreen Co.* (1991), Ind. App., 566 N.E.2d 90.

 The State, however, is not subject to the Comparative Fault Act. IND.CODE 34-4-33-8; *Huffman v. Monroe County Community School Corp.* (1991), Ind.App., 564 N.E.2d 961. Thus, the Snyder's claim against the State is governed by common law principles. The common law defense of contributory negligence provides that a plaintiff's own negligence, however slight, will bar all recovery against the defendant if the plaintiff's negligence proximately contributed to his injuries. *State v. Kallembach* (1983), Ind.App., 452 N.E.2d 1027. This is so regardless of any negligence on the defendant's part. *Smith v. Diamond* (1981), Ind.App., 421 N.E.2d 1172.

The jury found Dan was negligent with respect to Parker's intoxication and that the intoxication was a proximate cause of the accident. Under the traditional concepts of contributory negligence, such a determination of the plaintiff's negligence would preclude any recovery against any defendant. *Smith, supra.* In the present case, however, the jury found Dan was not contributorily negligent with respect to the State, who is the defendant subject to the traditional concepts of contributory negligence. This is inconsistent. The jury found Dan was not contributorily negligent with respect to the State, yet it legally rendered him so by its verdict in favor of Parker. We are unable to determine whether the jury intended this result. Accordingly, both judgments must be reversed and the cause remanded for a new trial.

## II.

 Because we are remanding this case for a new trial, it is necessary for us to address the State's contention that the trial court erroneously admitted photographs of the condition of the road taken 16 months following the accident. The photographs were introduced in conjunction with the testimony of an expert witness who inspected the scene of the accident at the time the pictures were taken. The State objected to the admission of the photographs on the ground that no foundation was presented to establish that the photographs depicted the road as it appeared on the date of the accident.

 The admissibility of photographic evidence is a matter of trial court discretion. *Consolidated Rail Corp. v. Thomas* (1984), Ind.App., 463 N.E.2d 315. When evidence is challenged on the basis of the adequacy of the foundation laid for its admission, the trial court is likewise vested with discretion to determine admissibility. *Spears v. Aylor* (1974), 162 Ind.App. 340, 319 N.E.2d 639. The trial court's decision on admissibility will be reviewed only for an abuse of discretion. *Id.; Meeker v. Robinson* (1977), 175 Ind.App. 102, 370 N.E.2d 392. "Generally, photographs introduced in conjunction with a witness's testimony are not admitted as direct evidence of the things depicted but only to help the jury visualize what the witness's testimony describes. In such cases, the photograph essentially becomes a part of the witness['s] testimony." *Consolidated Rail v. Thomas, supra* at 319.[2] Accordingly, the photographs and the testimony are considered together to determine whether

---

**2.** This court has ruled that photographs "taken some time after the collision" were admissible despite arguments similar to those the State makes in the present case. *Consolidated Rail v. Thomas, supra* at 319.

the trial court abused its discretion. *Meeker, supra.*

"The general standard regarding the relevancy of evidence is whether the evidence has the logical tendency to prove a material fact." *Rust v. Guinn* (1981), Ind.App., 429 N.E.2d 299, 305, *trans. denied.* A material fact in the present case is whether the road had a drop-off at the time of the accident. If it did, then a determination also needed to be made regarding the dimensions of that drop-off and what effect it may have had on a driver attempting to reenter the road from the shoulder. To aid the jury in making these determinations, the Snyders presented the testimony of Officer Earl who investigated the scene at the time of the accident. He testified that based on his observations that night and on his examination of photographs taken at the time of the accident, there was a "lip" on the edge of the road.[3] He also stated: "I did not measure the lip. I didn't examine it. I didn't measure the depth of it or anthing [sic]." *Record* at 337. The Snyders asked Officer Earl what effect the drop-off would have on a driver trying to reenter the road, but the trial court sustained the State's objection to the questions because they asked for an expert opinion for which Officer Earl was not qualified.[4]

To complete the testimony elicited from Officer Earl, the Snyders presented a witness qualified as an expert in highway design. The highway expert testified as to the depth of the drop-off and what effect that depth would have on a driver attempting to reenter the highway from the shoulder. Plaintiff's Exhibits 17, 18, and 19, were photographs offered to help the jury visualize the three to five inch drop-off that the expert described existed 16 months after the accident. To illustrate the depth of the drop-off, the photos depicted an upright soft drink can alongside the edge of the road. A measuring tape was pictured next to the can to illustrate the can's five inch height. The highway expert testified that the photos were a true and accurate representation of the road as it appeared to him on the day of his inspection.

We find the trial court did not abuse its discretion in finding an adequate foundation existed to admit the photographs. The expert explained the dimensions of the drop-off and the photographs were admitted to help the jury visualize those dimensions. The State presented evidence that the photos were taken 16 months after the accident and that weather and other factors could have affected the size of the drop-off during that time. The jury determined the appropriate weight to be assigned to the parties' respective evidence concerning the drop-off. On appeal, this court is concerned with the admissibility of the evidence, not its weight. *Spears, supra.* The trial court properly exercised its discretion in admitting the photographs.

### III.

As a final matter, we note that the State correctly argues that the trial court erroneously awarded costs against it. "Absent specific statutory authority for their imposition, the State is not liable for ordinary court costs." *State v. Wilbur* (1984), Ind.App., 471 N.E.2d 14, 17, *trans. dismissed;* Ind.Trial Rule 54(D).[5]

### Conclusion

Because the jury rendered inconsistent verdicts, this cause is remanded for a new trial consistent with this opinion.

HOFFMAN and SHIELDS, JJ., concur.

---

3. The photographs Officer Earl examined were taken the night of the accident. They depicted the drop-off, but did not illustrate its depth.

4. The trial court, however, allowed Officer Earl to testify as to his general impression of the difficulties drop-offs pose to drivers trying to reenter the roadway.

5. The Snyders argue IND.CODE 34–2–32–1 authorizes the assessment of costs against the State. That statute, however, deals with the method of payment when a bond is required by law to be filed. It has no application here.