BAILEY and another, Respondents, v. HAGEN and another, Appellants.

*October 1—October 27, 1964.*

For the appellants there was a brief by *Mittelstaed, Heide, Sheldon & Hartley* and *W. A. Sheldon,* all of Kenosha, and oral argument by *W. A. Sheldon.*

For the respondents there was a brief by *Phillips & Richards,* attorneys, and *Antaramian & Antaramian* of counsel, all of Kenosha, and oral argument by *David L. Phillips.*

HEFFERNAN, J. We have no hesitancy in affirming the trial judge in his action setting aside the jury's verdict in finding the defendant negligent as to speed as a matter of law.

The court below instructed the jury that it was for it to determine whether Hagen had exercised ordinary care to so regulate his speed as was reasonably necessary to avoid collision with any object on the highway. The jury was also instructed that in the event the driver of the vehicle was suddenly confronted by an emergency, he was subject to exoneration under the accepted emergency doctrine of Wisconsin.

The trial judge on motions after verdict concluded that the defendant should be found negligent with respect to speed as a matter of law, and therefore set aside the jury's finding of no negligence.

It is the contention of the appellants herein that the law to be applied in this case is the law of Illinois and that the law of Illinois, unlike that of Wisconsin, makes the question of speed in these circumstances a matter to be decided by the jury.

The appellant takes the position, with which the *Restatement, Conflict of Laws,* p. 457, sec. 378, is in accord, that the law of the place of injury governs the law of the case. Certainly this would normally be true in an automobile accident case involving the rules of the road. The defendant, however, has failed to properly bring before the court the applicable provisions of Illinois law. The Wisconsin statutes, sec. 328.01, are determinative of the method of bringing to the court's attention the law of another state. Sec. 328.01 states:

"JUDICIAL NOTICE OF FOREIGN LAWS. (1) *Courts Take Notice.* Every court of this state shall take judicial notice of the common law and statutes of every state, territory and other jurisdiction of the United States.

"(2) *Information of the Court.* The court may inform itself of such laws in such manner as it may deem proper, and the court may call upon counsel to aid it in obtaining such information.

"(3) *Determined by Court; Ruling Reviewable.* The determination of such laws shall be made by the court and not by the jury, and shall be reviewable.

"(4) *Evidence of Foreign Laws.* Any party may also present to the trial court any admissible evidence of such laws, but, to enable a party to offer evidence of the law in another jurisdiction or to ask that judicial notice be taken thereof, reasonable notice shall be given to the adverse parties either in the pleadings or otherwise."

It is to be noted that the answer of the defendant made no allegation that the court should take notice of the Illinois law in this action, nor did the defendant by any formal motion or presentation make such a request of the court. The statute requires that "reasonable notice shall be given to the adverse parties either in the pleadings or otherwise."

The first time that the applicability of Illinois law was brought to the attention of the court or adverse party appears to have been in defendant's motion for nonsuit after the submission of the plaintiff's case. The defendant again argued Illinois law in his argument on a motion for a directed verdict. Sec. 328.01, Stats., is a portion of a uniform law, and it is incumbent upon this court to give recognition to decisions in other jurisdictions interpreting this law. Sec. 328.01 (6). Other jurisdictions in which this matter has come before the court have made it plain that the interjection of foreign law merely in an oral argument or in the course of motions after the introduction of evidence is insufficient to compel the court to take judicial notice. It has been held that the action of a party giving notice to the court of foreign law has been insufficient in the following situations: Raising the issue in the reply brief (*Boswell v. Rio De Oro Uranium Mines, Inc.* (1961), 68 N. M. 457, 362 Pac. (2d) 991) ; merely referring to the foreign law in closing argument (*Cliff v. Pinto* (1948), 74 R. I. 369, 60 Atl. (2d) 704) ; and pleading the foreign law but offering no citations (*Scott v. Scott* (1951), 153 Neb. 906, 46 N. W. (2d) 627). See also 23 A. L. R. (2d) 1431.

Our Wisconsin courts can take judicial notice of the laws of another jurisdiction when such foreign law is pleaded. It is also apparent that foreign law by statute may be presented when there is reasonable notice "otherwise" of the applicability of foreign law. We need not decide what other situations might make it possible for the trial court to notice

the law of another jurisdiction. It is clear, however, that in this jurisdiction the Illinois law was not properly brought to the attention of the court by referring to it for the first time in argument. Absent notice in the pleadings or reasonable notice in some other manner, Wisconsin courts must assume the law of the foreign state to be the same as ours. Any other rule would be prejudicial to a party prepared to try the case on the law of the forum and would place an undue burden on the trial court to ferret out the law of the numerous foreign jurisdictions. Under the facts of this case, the circuit court properly applied the law of Wisconsin.

We do not hesitate in affirming the learned trial judge in his conclusion that the rule of *Lauson v. Fond du Lac* (1909), 141 Wis. 57, 123 N. W. 629, is the rule of Wisconsin. It was most recently stated in *Barker Barrel Co. v. Fisher* (1960), 10 Wis. (2d) 197, 200, 102 N. W. (2d) 107:

". . . there is negligence on the part of the driver of an automobile when he proceeds at a speed at which he cannot stop his vehicle within the distance he can see ahead . . ."

The case of *Henthorn v. M. G. C. Corp.* (1957), 1 Wis. (2d) 180, 83 N. W. (2d) 759, is in point in this case. In the *Henthorn Case* there was poor visibility because of the fog and darkness of night. In the instant case there was poor visibility because of a driving snowstorm. In each case the pavement was slippery and the driver was aware of the conditions. In the case now before the court, the poor visibility and snowy conditions of the road were factors in his inability to avoid the collision. The rule of the *Henthorn Case* is applicable herein:

"We have no hesitancy in holding that the additional circumstances of a slippery pavement and extremely heavy load made it incumbent upon Henthorn to travel at such a speed

that he could stop within the distance he could see ahead."
(*Supra,* p. 188.).

As Justice BROWN stated in *Barker Barrel Co. v. Fisher,
supra,* at page 201:

"We consider that this rule is not only one of long stand-
ing but that it is a good rule and one to be followed."

We agree with the trial judge's decision that the defendant
was negligent as to speed as a matter of law.

The defendant has urged also that the lower court erred
in failing to either submit to the jury as an issue of fact a
joint enterprise between the respondent Bailey and the host-
driver Brnak or in determining as a matter of law that the
negligence of Brnak was imputed to her.

We do not agree. Much of his contention is based upon
Illinois law. We conclude for the same reasons as stated
above that Ilinois law was not presented to the court in the
pleadings, nor was reasonable notice otherwise given, and
therefore is not applicable. Nor was the question of joint
venture as between the host-driver Brnak and Bailey ever
before the court as an issue. The host-driver Brnak was not
a party to the lawsuit, although he was a Wisconsin resident
and amenable to the process of this court. The question of
joint venture is therefore irrelevant in this situation where
Brnak is not a party to the lawsuit and his negligence has
not been raised. Furthermore, the defendant does not assert
joint enterprise, and it is clear that joint enterprise is an
affirmative defense to be pleaded and proved by the party
asserting it. *Lewis v. Leiterman* (1958), 4 Wis. (2d) 592,
91 N. W. (2d) 89. It was not pleaded in this case. We
might say also in passing that there is no proof of the es-
sentials of a joint enterprise: An agreement among the
parties to share profits and losses or the joint control and
right to control the operation involved in the enterprise
jointly undertaken. The mere fact that there was some reim-

bursement of Brnak for his expenses and a joint interest in the object and purpose of the trip, to wit, a journey to the place of common employment is hardly sufficient to establish a joint enterprise.

*By the Court.*—Judgment affirmed.